# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SHANE TRACEY,

   *Plaintiff*,

vs.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

   *Defendant*.

2:09-cv-01257-RCJ-PAL

**ORDER**

## I. INTRODUCTION

Before the Court is Plaintiff's Motion to Remand due a lack of subject matter jurisdiction. (#8). Plaintiff contends that Plaintiff and Defendant Stebbins are both domociled in Nevada, therefore there is a complete lack of jurisdiction. Defendant's counter by motion to dismiss Defendant Stebbins due to improper joinder in an attempt to defeat diversity jurisdiction. (#11).

The Court has considered the arguments and pleadings of both parties. IT IS HEREBY ORDERED THAT Plaintiff's Motion to Remand is DENIED. (#8). IT IS FURTHER ORDERED THAT Defendant's Motion to Dismiss all claims against Defendant Lori Stebbins is GRANTED. (#11).

## II. FACTS

On September 16, 2007, Plaintiff Shane Tracey ("Tracey" or "Plaintiff") was involved in a motor vehicle accident. Plaintiff collected the full policy amount from the other person involved in the accident, which was only $15,000.00. Plaintiff subsequently made a demand for coverage

under his own underinsured motorist policy with Defendant American Family Mutual Insurance Company ("American Family" or "Defendant"). Plaintiff's policy with American Family had a coverage limit of $50,000.00 per person and $100,000.00 per accident.

Plaintiff and American Family exchanged communications from September 2007 to May 2009, culminating in Plaintiff filing the present Complaint. These communications consisted of requests for information regarding Plaintiffs' alleged injuries and various demands for coverage under the policy. American Family made a settlement offer well below the policy limits, which was rejected, as Plaintiff contends that over $50,000.00 had already been expended on medical expenses.

Plaintiff's Complaint was filed in Nevada state court and contains allegations against American Family as well as Defendant Lori Stebbins ("Stebbins"), the claims adjuster employed by American Family assigned to Plaintiff's case. Plaintiff's Complaint alleges claims based on Breach of Contract, Common Law Bad Faith, and Statutory Bad Faith under NRS 686A.310. Though not specifically identified under each claim of relief, presumptively, Plaintiff's claims are each against both American Family and Stebbins. Plaintiff's Complaint mentions Stebbins twice in the Complaint at paragraphs three (3) and twenty-five (25). Paragraph three states that

> [i]t is unknown at the present time whether or not all of the action and/or inactions of Lori Stebbins were performed as part of the course and scope of her employment with American Family Mutual Insurance Company. It is believed and therefore alleged that some or all of her actions/inactions may have fallen outside of the course and scope of her employment with American Family Insurance Company, and consequently, she is identified individually as a Defendant in this Complaint.

(Amended Complaint ¶ 3, #8 Ex. 1). The only mention of Stebbins in the allegations is Paragraph Twenty-five, which merely states: "On October 22, 2008, a letter was sent from AMERICAN FAMILY MUTUAL INSURANCE COMPANY (Lori M. Stebbins), requesting a recorded statement be provided by Shane Tracey." (Amended Complaint ¶ 25, #8 Ex. 1).

After being filed in state court, Defendant removed the present lawsuit to federal court on the basis of diversity jurisdiction. Plaintiff filed the present Motion to Remand on the basis that

there is a lack of diversity jurisdiction because both Plaintiff and Stebbins are Nevada residents. American Family opposes this motion and files their own motion to dismiss on the grounds that Plaintiff has not stated a claim for relief against Stebbins under Rule 12(b)(6).

**III.  DISCUSSION**

Section 1447 states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). There is no discretion with the Court to hear matters over which the Court has no jurisdiction. Defendant characterizes their opposition to Plaintiff's motion as motion to dismiss for failure to state a claim. Assuming a lack of diversity, which Defendant concedes so long as Stebbins is in the suit, this Court has no jurisdictional authority to grant this motion. Insofar as Defendant's Opposition is a motion to dismiss it cannot be granted.

However, under Rule 21, the Court does have "discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19." *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. Pro. 21. Therefore, Plaintiff's characterization of Defendant's position is the one that is accurate procedurally. But this does not bar the Court from analyzing these issues under fraudulent joinder of defendants "which does not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). This analysis is similar to that of 12(b)(6) as a party may be dismissed for failure to state a claim. *Id.*; *McCabe v. General Foods Corp.*, 811 F.2d 1136, 1139 (9th Cir. 1987). It is, however, noteworthy that the inquiry is whether the plaintiff "truly had a cause of action against the alleged sham defendants." *Ritchey*, 139 F.3d at 1318 (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97–99, 42 S.Ct. 35, 37–38 (1921); *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 153-54, 34 S.Ct. 278,

280-81 (1914); *Alabama Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 218-19, 26 S.Ct. 161, 165 (1906)). This is distinguished from determining whether or not the "defendants could propound defenses to an otherwise valid cause of action." *Ritchey*, 139 F.3d at 1318–19.

Accordingly, the proper analysis in the present case is to identify whether, on the Complaint itself, regardless of any potential defenses, Plaintiff could bring any the claims asserted against Defendant Stebbins. However, "where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the cause in the state court." *Albi v. Street & Smith Publications*, 140 F.2d 310, 312 (9th Cir. 1944). The motive to the joinder is immaterial and a merely defective statement does not warrant removal under fraudulent joinder. *Id.* Only where there is no reasonable ground for supposing that a plaintiff has a cause of action will the Court find that there is fraudulent joinder.

**A. Breach of Contract**

Plaintiff asserts a claim under breach of contract against both American Mutual its claims adjuster, Stebbins. No set of fact could show that Plaintiff has a claim against Stebbins under breach of contract. Defendant's discussion of *Vargas v. California State Auto. Ass'n Inter-Insurance Bureau*, 788 F.Supp. 462, 464–65 (D. Nev. 1992), is persuasive as that court was faced with a similar situation:

> If McKenzie did something within the scope of his agency that violated the terms of the contract, Plaintiff's only recourse is to sue CSAA as McKenzie's principal and as the signatory to the contract. If McKenzie did something outside the scope of his agency to harm Plaintiff, such act could not properly be brought as a breach of contract action since McKenzie had no contractual relationship with the Plaintiff.

*Id.* at 464. Similarly, Plaintiff and Stebbins do not have a contract to breach. Any activity that amounts to a breach of Plaintiff's contract with American Mutual is pursuable only against American Mutual. Plaintiff seems to concede that there is no cause of action against Stebbins under this theory as his memorandum does not address this.

1   **B.    Common Law Bad Faith**

2   Under Nevada law, "[l]iability for bad faith is strictly tied to the implied-in-law covenant of
3   good faith and fair dealing arising out of an underlying contractual relationship." *United Fire Ins.*
4   *Co. v. McClelland*, 105 Nev. 504, 511 (1989).  This was acknowledged by the court in *Vargas* as
5   well, noting that the "'bad faith' cause of action is actually one for breach of an implied covenant
6   of good faith and fair dealing." *Vargas*, 788 F.Supp. at 465.  As noted above, there is no contractual
7   relationship between Stebbins and Plaintiff.  Accordingly, there can be no cause of action against
8   Stebbins on the basis of common law bad faith.

9   **C.    Statutory Bad Faith**

10  Plaintiff also alleges violations of Nevada statue against both Defendants.  The statute cited
11  by Plaintiff is titled "Unfair practices in settling claims; liability of insurer for damages." Nev. Rev.
12  Stat. § 686A.310(1) (2009).  In subsection one (1) the statute lists sixteen (16) specific ways that an
13  insurer can violate the statute.  Subsection two (2) states that: "In addition to any rights or remedies
14  available to the Commissioner, an insurer is liable to its insured for any damages sustained by the
15  insured as a result of the commission of any act set forth in subsection 1 as an unfair practice." *Id.*
16  § 686A.310(2).

17  Plaintiff asserts that Stebbins as a claims adjuster, even if not liable under common law bad
18  faith, may be liable under the Nevada statute.  In support of this Plaintiff cites various other
19  jurisdictions' findings that an adjuster could be held liable under breach of statute.  Plaintiff alleges
20  that Defendant may be seeking to dismiss Stebbins from the case under the belief that Stebbins is
21  the only individual who may be liable for punitive damages under the Nevada Statutes.  In support
22  of this Plaintiff discusses the imposition of punitive damages as elucidated in *Countrywide Home*
23  *Loans v. Thitchener*, 192 P.3d 243 (Nev. 2008).  In that case the court concluded that there was
24  sufficient evidence to infer that Countrywide knew that it may have been proceeding against the

25

wrong person and that they had knowledge of the probable harm that would result from a wrongful disclosure. *Id.* at 256.

Under Nevada statute, and as discussed by the Nevada Supreme Court, there are three alternatives where an employer may be held liable for punitive damages based on an employee's wrongful acts. *Id.* at 257; Nev. Rev. Stat. 42.007.  The three alternatives where vicarious liability may arise are where:

> (a) The employer had advance knowledge that the employee was unfit for the purposes of the employment and employed him with a conscious disregard of the rights or safety of others;
> (b) The employer expressly authorized or ratified the wrongful act of the employee for which the damages are awarded; or
> (c) The employer is personally guilty of oppression, fraud or malice, express or implied.

Nev. Rev. Stat. 42.007.  In *Countrywide*, the court stated the statute "ensures that employers are subject to punitive damages only for their own culpable conduct and not for the misconduct of lower level employees." *Countrywide*, 192 P.3d at 257.  The court further held that "when the employer is a corporation, however, the authorization, ratification, or oppression, fraud, or malice, must be accomplished by an 'officer, director, or managing agent of the corporation who was expressly authorized to direct or ratify the employee's conduct.'" *Id.* at 258.  Plaintiff urges that based on the possibility that American Family can employ claims adjusters unaccountable to officers, directors, or managing agents, the insured is potentially left with no party against whom they can bring a suit against under this statute.  They claim that this cannot be what the Court, the Nevada Supreme Court and the Nevada Legislature intended.

Plaintiff's scenario, however, does not seem to be an accurate representation of the law. Initially, Plaintiff's application of NRS 686A.310 to individuals is unconvincing.  As the caption of the law states, this is a law aimed at dealing with the conduct of insurers.  Subsection two specifically acknowledges the penalties for violating the statute and references insurers in particular. It does not appear, on its face, to apply to the individual employees of an insurance company.  The

Nevada statute dealing with punitive damages does not change the reading of this statute. *See* Nev. Rev. Stat. § 42.007. While the statute limits vicarious liability for actions taken by employees, this limitation does not mean that were a corporation itself may not be held liable for breach of statute or that punitive damages may not sought against it.

In sum, Plaintiff has failed to convince the Court that it has possibly asserted a cause of action against Stebbins under statutory violations under 686A.310. This statute does not apply to individuals and therefore, a claim for relief against Stebbins is untenable.

### D. Negligence

Though not alleged in Plaintiff's Amended Complaint, in Plaintiff's pleadings he asserts that he may have a cause of action under negligence and, if the Court dismisses the other claims against Stebbins, requests that he able to amend his complaint to assert a claim for relief against Stebbins. Plaintiff suggests that Plaintiff's statement of facts and general allegations put Stebbins on notice of such a claim. This is based on the allegation that there are actions Stebbins "may have made outside the scope of her duties." In support of this decision, Plaintiff relies on this Court's recent decision in *Silon v. American Home Assur. Co.*, 2009 WL 1090700 (D. Nev. 2009).

In *Silon*, this Court was faced with determining whether or not a claims adjuster could be held liable for negligence. The Court determined that the majority rule was that claim adjusters "do not owe a general duty of care to the insured, and therefor cannot be held liable to the insured for negligence as a matter of law." *Silon*, at *2. Nevada had not addressed this issue and the Court, despite the contentions of the plaintiff, held that it was appropriate to adhere to the majority rule as it was most persuasive, and California, a jurisdiction to which the Nevada Supreme Court often looks for guidance, had also adopted the majority rule. *Id.* Plaintiff's reliance is on the statement by the Court that "Plaintiff has not alleged Ms. Brooks has committed any negligence outside of the scope of her employment, and subsequently cannot state a cause of action against her." *Id.* at *3.

1    Defendant claims that Plaintiff's argument is defective on several levels.  First, Defendant
2  claims that the statement by this Court in *Silon* does not negate the previous discussion in that case
3  that the majority rule, adopted by this Court in *Silon*, is that claims adjusters may not be held liable
4  under negligence.  Further, Defendant alleges that Plaintiff's conclusory allegations of possible
5  action outside of the scope of employment is woefully insufficient to state a cause for relief.  Third,
6  American Family fully admits and stipulates that Stebbins was working at all times within the course
7  and scope of her employment while handling Plaintiff's claims.  Lastly, Defendant points out that
8  just as acting outside the scope would not generate a breach of contract claim, so acting outside the
9  scope of employment would not create a negligence claim as there was not basis for a duty to arise,
10 either in contract or in tort.  *See id.*; *Vargas*, 788 F.Supp. at 464.

11   Defendant's arguments are persuasive.  Plaintiff has failed to state any claim upon which
12 relief may be granted against Defendant Stebbins.  Accordingly, as Stebbins was improperly joined,
13 it is appropriate for the Court to dismiss Stebbins from the suit.  Upon her dismissal, Plaintiff's
14 Motion for Remand is moot.

### IV.  CONCLUSION

16   The Court has considered the arguments and pleadings of both parties.  IT IS HEREBY
17 ORDERED THAT Plaintiff's Motion to Remand DENIED. (#8).  IT IS FURTHER ORDERED that
18 Defendant's Motion to Dismiss is GRANTED. (#11)

19   DATED:    November 4, 2009

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE