# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHANE TRACEY, | Case No.: 2:09-cv-01257-GMN-PAL |
| Plaintiff, | **ORDER** |
| vs. | |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY; DOES I through XX; AND ROE CORPORATIONS I through XX, inclusive, | |
| Defendant. | |

On May 4, 2010 the Court conducted a hearing on Defendant's Motion for an Order to Show Cause and to Strike Dr. Kabins and his Records from this Case. (ECF No. 44) Magistrate Judge Peggy Leen denied Defendant's Motion for an Order to Show Cause and to Strike Dr. Kabins and his Records from this Case. (ECF No. 51) Further, Magistrate Judge Leen ordered Dr. Kabins to appear at a duly-noticed deposition to provide testimony concerning his treatment, care, surgery, records and opinions concerning his treatment and care of the Plaintiff in this case.

Before this court is interested party Dr. Kabins' Motion for District Judge to Reconsider. (ECF No. 52) Defendant filed a timely Response. (ECF No. 53) Dr. Kabins' request contends that defense counsel wishes to explore collateral issues during deposition that are not proper. Dr. Kabins argues that the Order that is currently in place sets forth no limitations as to how far Defendant's counsel can explore the collateral issues, and that such issues are far outside the scope of discovery. Specifically, Dr. Kabins requests that the information sought about the collateral matters of altering medical records and/or testifying falsely under oath should not be sought until Defendant's counsel makes a proffer to this Court regarding the relevance of such information to this particular plaintiff, in this particular trial.

1    The Court addressed Dr. Kabins' concern in the Order by recognizing that Dr. Kabins has a Fifth Amendment privilege to decline to answer certain questions defense counsel is anticipated to ask.  The Order also imposed safeguards so as to not unduly harm the defense counsel's ability to properly question Dr. Kabins while allowing Dr. Kabins to invoke the protections of Federal Rule of Civil Procedure 30(d), during the deposition if counsel believes the deposition is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses Dr. Kabins.  As an added protection the Order allows counsel to request an emergency dispute resolution conference during the deposition to resolve any disputes concerning the scope of questioning which the court will hear during the deposition if the court is available.  Having considered Dr. Kabins' Motion (ECF No. 52) and Defendant's Response (ECF No. 53) this Court finds that the Defendant's Motion for an Order to Show Cause and to Strike Dr. Kabins and his Records from this Case (ECF No. 51) was properly DENIED and that the Order directing Dr. Kabins to appear at a deposition provides conditions sufficient to ensure that Dr. Kabins' Fifth Amendment Privilege is protected.

## **CONCLUSION**

IT IS HEREBY ORDERED that Dr. Kabins' Motion to Reconsider (ECF No. 52) is DENIED.

DATED 2nd day of September, 2010.

_____
Gloria M. Navarro
United States District Judge