# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHANE TRACEY, ) | Case No.: 2:09-CV-1257-GMN-PAL |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| AMERICAN FAMILY MUTUAL ) | |
| INSURANCE COMPANY; DOES 1 ) | |
| through XX; and ROE CORPORATIONS ) | |
| I through XX, ) | |
| ) | |
| Defendant. ) | |

## **INTRODUCTION**

Before the Court are Plaintiff's Motions In Limine: to exclude reference to Dr. Mark Kabins' Felony Conviction, Plea Agreement, or other evidence or allegations of wrongdoing on the part of Dr. Mark Kabins (#66); to exclude reference to report of and testimony of Dr. Derek Duke (#67); to exclude reference to and/or evidence of collateral sources (#68); to exclude reference to and/or testimony of attorney Jerry Wiese (#69); to exclude reference to and/or evidence of studies, reference materials, and/or literature not previously disclosed as well as reference to information allegedly learned by counsel from other sources (#70). Defendant filed responses (#75, #74, #73, #81 and #82 respectively) and Plaintiff filed replies (#77 and #80).

Also before the Court are Defendant's Motions In Limine: to exclude any new and undisclosed evidence or opinions by Plaintiff's experts and treating physicians (#72) and to prohibit Plaintiff from suggesting that the Defendant is "avoiding responsibility" by defending himself in this lawsuit (#73). Plaintiff filed responses (#79 and #78 respectively) and Defendant filed replies (#86 and #85 respectively).

The Court has considered the pleadings and arguments offered by the parties.  IT IS HEREBY ORDERED THAT Plaintiff's Motions In Limine #66 and #67 are DENIED;

Plaintiff's Motions in Limine #68 and #70 are GRANTED in part and DENIED in part;

Plaintiff's Motion in Limine #69 is GRANTED.

IT IS FURTHER ORDERED THAT Defendant's Motions in Limine # 72 and #73 are DENIED.

## FACTS AND BACKGROUND

This is a breach of contract claim filed regarding Defendant's failure and refusal to pay a policy limit under Plaintiff's Uninsured/Underinsured Motorist coverage ("UIM"). Plaintiff, Shane Tracey, was involved in a motor vehicle accident on September 16, 2007. (Complaint ¶ 8 pg. 3, # 65).  On that date, Plaintiff was traveling northbound on Decatur Blvd., in Las Vegas, Nevada, when another driver, Lisa Robinson, attempted to make a U-turn and struck Plaintiff's vehicle.  (*Id.*).  As a result of the impact, Plaintiff's vehicle rolled several times and came to rest upside down on the roadway.  (*Id.*).

The tortfeasor, Lisa Robinson, had a policy of insurance which provided only $15,000 in liability coverage per person. (*Id.* at ¶ 10 pg. 4). This amount was paid to Plaintiff by Ms. Robinson's insurance carrier. (*Id.*).  Plaintiff also had a policy of insurance through Defendant, American Family Mutual Insurance Company ("American Family"), which provided Uninsured/Underinsured Motorist coverage in the amount of $50,000 per person and Medical Payments Coverage, in the amount of $5,000. (*Id.* at ¶ 11 pg. 4, Plaintiff's Response pg.2, # 58).   American Family has paid the $5,000 in Medical Payments Coverage to Plaintiff's medical care providers.  (Plaintiff's Response pg. 2, # 58).  Plaintiff provided American Family with documentation of medical specials exceeding $57,000 and documentation of a need for spinal surgery which will cost in

excess of $100,000.  (Complaint ¶ 35 pg. 9, # 65).

Defendant has failed and refused to pay the UIM Coverage to Plaintiff and disputes the value of payment owed to Plaintiff under the policy. (Motion for SJ pg. 3 # 55).  Defendant claims that the mid-back treatment Plaintiff received after September 2006 was unrelated to the accident underlying this suit and that the Plaintiff was receiving treatment for similar symptoms one month before this loss. (*Id.* pg. 2-3). Therefore, Defendant offered Plaintiff $3,000 to settle his UIM claim based on the un-relatedness of his additional treatment.  (Complaint ¶ 34 pg. 9, # 65).

Plaintiff brought this suit on May 19, 2009 in the Eighth Judicial District Court for the State of Nevada. (Complaint, # 65).  It was properly removed to this Court on July 13, 2009. (Petition for Removal # 1). Plaintiff alleges breach of contract, common law bad faith, and statutory bad faith on the part of Defendants for failure to pay the policy limit. (Complaint, # 65).  In preparation for trial Plaintiff and Defendant have filed the instant motions in limine.

## ANALYSIS

### A.    Legal Standard

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence.  Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial.  Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." Black's Law Dictionary 1109 (9th Ed. 2009).  Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

It is settled law that in limine rulings are provisional.  Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).  "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).  However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008).  To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).  "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).  This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

**B.    Exclude References to Dr. Mark Kabins' Felony Conviction (#66)**

Dr. Mark B. Kabins, an orthopedic surgeon, provided evaluation, treatment and eventually performed spinal surgery on Plaintiff . (# 66) The surgery was performed in June of 2009. (# 66)  Dr. Kabins is also a target of a federal investigation and plead guilty

to the crime of misprision of felony in November 2009.  (Case No.: 2:07-cr-00039-JLQ-LRL)  The allegation as stated at the plea hearing on November, 23, 2009:

> The specific allegation of misprision of a felony is that beginning in and about 2001 to on or about July 2, 2002, in the Federal District of Nevada, you, Mark B. Kabins, having knowledge of the commission of a felony did conceal and did not as soon as possible make known the same to some judge or other person in civil or military authority under the authority of the United States.

(Transcript of Plea Hearing, Case No., 2:07-cr-00039-JLQ-LRL, # 404).  Dr. Kabins was adjudicated guilty of committing Misprision of Felony and sentenced on January 14, 2010.

The elements for the crime of Misprision of Felony in violation of 18 U.S.C. § 4 are the following:  (1) Defendant had knowledge of the actual commission of a felony cognizable by a court of the United States; and (2) Defendant concealed and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States.  Misprision of Felony is a Class E felony. *See* 18 U.S.C. § 3581(b)(5).

The court has set out the following four elements for the crime of misprision of felony: (1) the principal must have committed and completed the underlying felony; (2) the defendant must have had full knowledge of such commission; (3) the defendant must have failed to notify the authorities; and (4) the defendant must have taken an affirmative step to conceal the crime. *United States v. Ciambrone*, 750 F.2d 1416, 1417 (9th Cir.1984). "Misprision of a felony 'require[s] both knowledge of a crime and some affirmative act of concealment or participation.'" *Itani v. Ashcroft*, 298 F.3d 1213, 1216 (11th Cir. 2002) (*citing Branzburg v. Hayes*, 408 U.S. 665, 696 n. 36, 92 S.Ct. 2646 (1972).  *See*, *for example*, *United States v. Gravitt*, 590 F.2d 123, 125-26 (5th Cir.1979) (requiring "affirmative action to conceal the crime" for conviction of misprision of a

felony).  Thus, mere failure to report a known felony would not violate 18 U.S.C. § 4.
*Itani* 298 F.3d at 1216.

Federal Rules of Evidence Rule 609 allows for the impeachment of a witness by evidence of a conviction of a crime.  Rule 609 indicates in relevant part the following:

> (a) General rule.--For the purpose of attacking the character for truthfulness of a witness,
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
> (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

F.R.E. 609.  Not every conviction under this rule is admissible.  For example a conviction that is older than 10 years is not allowed unless the court determines the probative value of the conviction substantially outweighs its prejudicial effects.  F.R.E. 609(b).

Rule 403 requires the balancing of the probative value versus the prejudicial effect of the evidence:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

F.R.E. 403.

Plaintiff argues that the crime of misprision of felony is not a crime involving

1    dishonesty and that it is a crime of omission, rather than a crime of commission.  Thus

2    the plaintiff argues that the evidence of Dr. Kabins' conviction should be excluded under

3    Rule 609, pursuant to Rule 403, because the prejudicial affect substantially outweighs the

4    probative value of the evidence.  Plaintiff cites the concurring opinion by Judges

5    Reinhardt, Schroeder, Kozinski, Hawkins, Thomas, Wardlaw, Fletcher, and Perez in

6    *Navarro-Lopez v. Gonzales*, in his argument that Misprision of Felony is not a dishonest

7    act.  503 F.3d 1063 (9th Cir. 2007).  Plaintiff argues that in that opinion the Judges

8    criticize *Itani v. Ashcroft*, for pronouncing that misprision involves dishonest or

9    fraudulent activity. 298 F.3d 1213 (11th Cir. 2002) ("Thus, the court's statement that

10   misprision does so serves at most to justify the classification of that act as a crime, not as

11   a crime of moral turpitude. The court offers no explanation at all for its pronouncement

12   that misprision involves dishonest or fraudulent activity.  It simply offers that bare

13   conclusion." *Navarro-Lopez*, 503 F.3d at 1077).

14          While Plaintiff's argument can be persuasive, a closer look must be taken.  First

15   the opinion cited it only the concurring opinion, not the majority. Second, in that case the

16   real argument is whether or not misprision of felony is a crime of moral turpitude and the

17   court discusses how even fraud can sometimes not be a crime of moral turpitude.  The

18   decision does not specifically hold that misprision of felony is not a dishonest crime but

19   criticizes *Itani* for declaring as such without giving any reasoning. Other case law, such

20   as *Itani* does hold that misprision of felony does involve a dishonest act.  One of the

21   elements of the crime is that the Defendant "take an affirmative step to conceal the

22   crime."  An affirmative step to conceal is more than an omission (unlike Plaintiff's

23   argument); it is a commission of which dishonesty can be inferred.  However, Plaintiff's

24   argument that Dr. Kabins' conviction should not be allowed into evidence under Rule

25   609(a)(1) is even less persuasive.

Plaintiff argues that Dr. Kabins' conviction does not have any probative value because Defendant did not consider it in making its determination to reject Plaintiff's insurance claim.   Furthermore, Plaintiff argues that the danger of unfair prejudice, confusion of the issues, or misleading the jury, substantially outweighs any probative value that it may have.   The elements to consider when determining whether the probative value outweighs the prejudice are: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, (4) the importance of the witness's credibility, and (5) the centrality of witness's credibility. *Simpson v. Thomas*, 528 F.3d 685, (9th Cir. 2008).[1] The impeachment value of the prior crime is highly likely in this case.  As discussed above, even if a misprision of felony conviction is not 'dishonest' *per se* the elements of the crime allude to helping cover up a crime.  This would tend to make the witness's credibility questionable.  Second, the crime is very recent, within the last year.  The past crime for which the witness was convicted involved medical build-up which is similar to what the defendant is alleges happened in this case.  This similarity makes the conviction very probative as to the witness's credibility.   Finally, given that Dr. Kabins recommended and performed the surgery in question, his credibility is very important to the case.  Looking at these factors, the probative value in allowing the conviction to be referenced substantially outweighs the prejudicial effect.

Thus the Court DENIES Plaintiff's Motion In Limine (#66).

In the alternative the Plaintiff seeks to preclude any references to the "medical mafia," any "allegations of wrongdoing" on the part of Dr. Kabins, the sentence which he received, the terms or existence of a "plea agreement," etc.  The Court agrees that none of

---

[1] These factors were previously set forth in the criminal case *U.S. v. Hursh*, 217 F.3d 761 (9th Cir. 2000) to consider whether the probative value outweighs the prejudice of defendant's prior criminal convictions.

this information is necessary and the Court ORDERS that the Defendant is limited to referencing only that Dr. Kabins has been convicted of a felony, that the felony was a misprision of a felony, and the Defendant may list the elements of misprision of a felony.

**C.      Exclude Reference to Report and Testimony of Dr. Derek Duke (#67)**

Defendant's expert, Dr. Derek Duke, saw Plaintiff for a defense medical examination in February 2010, after the Plaintiff's claim was denied.  (# 67)  Defendant has offered Dr. Duke's report as evidence, as well as submits him as a witness at trial. Plaintiff argues that Dr. Duke's opinions, conclusions and report are irrelevant as it relates to any claim for breach of contract because Defendant did not rely on Dr. Duke's opinions or recommendations when it denied Plaintiff's claim.  Further, Plaintiff argues that because the case involves claims of breach of contract and bad faith, any reference to Dr. Duke's report or evaluation would confuse and mislead the jury into thinking that Defendant somehow relied upon Dr. Duke's opinions in its decision to refuse the policy limit.

The Court disagrees.  Federal Rules of Evidence Rule 402 provides that "[a]ll relevant evidence is admissible, except as otherwise provided…. Evidence which is not relevant is not admissible."  Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury, or by considerations or undue delay, waste of time, or needless presentation of cumulative evidence."

Whether or not the evidence is relevant depends on the purpose for which the Defendant is offering it for at trial.  Defendant is offering Dr. Duke's testimony and report for two reasons: to prove causation, that the accident did not cause Plaintiff's injuries, and to prove the reasonableness of Defendant's decision to deny Plaintiff's insurance claim.  To establish entitlement, Plaintiff must establish fault by the tortfeasor,

and the extent of Plaintiff's damages. *Pemberton v. Farmers Ins. Exch.*, 109 Nev. 789, 858 P.2d 380 (1993).  Defendant argues that it did not breach a contract because it does not have a duty to pay the policy if the accident did not cause the injury to the Plaintiff. Plaintiff argues that this case is not about causation, but breach of contract because the Defendant did not sufficiently evaluate Plaintiff's claim before denying it. The parties do not dispute that to prove causation the use of a medical expert is allowed.  *See Layton v. Yankee Caithness Joint Venture*, 774 F. Supp. 576 (U.S. Dist. NV 1991) (expert testimony is allowed and sometimes essential to prove causation).  Therefore, Dr. Duke's report, opinions and testimony will be allowed for this purpose.  However, Plaintiff objects to the use of this evidence when examining the handling of Plaintiff's claim (which is what Plaintiff alleges is the breach of contract) and the denial of the claim. Plaintiff argues that since Dr. Duke did not examine Plaintiff until after the suit arose anything in Dr. Duke's evaluation and report is irrelevant to the breach of contract claim. Furthermore, allowing any reference to it would confuse the issues and mislead the jury.

The Court finds that Dr. Duke's report and testimony is relevant to the breach of contract claims and bad faith claims contrary to Plaintiff's demands.  Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *United States v. Romero*, 282 f.3d 683, 688 (9th Cir. 2002).  Although the evaluation was not conducted until after the suit, the findings in the report could shed light on the reasonableness of Defendant's refusal to deny the benefits.  For example, the report may indicate that a medical evaluation really was unnecessary to deny the benefits because a nurse could easily reasonably conclude that the accident did not cause Plaintiff's injury.

The Court DENIES Plaintiff's Motion In Limine (#67).

**D.      Exclude Reference to Evidence of Collateral Sources (#68)**

Plaintiff requests the court to exclude all evidence regarding collateral sources that may have paid for Plaintiff's medical specials.  Specifically listed are deposition testimony from Dr. Duke, Dr. Kabins, Dr. Dunn and a Southwest Medical Associates record dated August 3, 2007.  Plaintiff believes that the line of questioning excerpted from the depositions imply that Plaintiff did not have an alternate source of payment for his medical bills, and would require a response to show that he did in fact have a collateral source to pay.

Plaintiff argues that the admission of a collateral source of payment for any injury into evidence for any purpose is barred, and improper. *Castaletti v. Proctor*, 112 Nev. 88, 911 P.2d 853 (1996).  The Nevada Supreme Court, in adopting this rule, stated that "[c]ollateral source evidence inevitably prejudices the jury because it greatly increases the likelihood that a jury will reduce a plaintiff's award of damages because it knows the plaintiff is already receiving compensation." *Id.* at 90.  Furthermore, when the United States Supreme Court adopted a *per se* rule against the introduction of collateral source evidence it did so because it believed that the prejudicial impact of collateral source evidence inevitably outweighs the probative value of such evidence on the issue of a plaintiff's credibility and motives.  *Eichel v. New York Central Railroad Co.*, 375 U.S. 253, 84 S.Ct. 316, 11 L.Ed.2d 307 (1963).

Defendant contends that payments of off-setting insurance proceeds are relevant and admissible.  The Nevada Supreme Court has examined the issue and found that an underinsured motorist carrier is entitled to a set-off of benefits received by the insured from an at-fault carrier's insurer. *Mid-Century Ins. Co. v. Daniel*, 101 Nev. 433, 705 P.2d 156 (1985).  Defendant argues that this holding shows that evidence of offsets is clearly relevant to rebut such evidence of offsetting payments to Plaintiff when deciding its

breach of UIM benefits under F.R.E. 402 and 403. Defendant is correct that this evidence of collateral sources is relevant to show the offsets paid to Plaintiff, but that is not the issue in this case. This and other cases on point show that if Plaintiff gets overcompensated then the insurer will have the right to offset that payment with whatever amounts were paid by collateral sources. *See Id.*

Defendant also argues that the deposition transcripts of Dr. Kabins and Dr. Duke which reference a medical record from Southwest Medical Associates are relevant for the purpose of showing Plaintiff's prior attempts to seek recovery for back pain before the accident. This will help the Defendant prove two things, (1) this was a pre-existing injury, and (2) Plaintiff was actively seeking to have someone (medical insurance or car insurance this accident) pay for his prior injury.

Therefore the Court GRANTS Plaintiff's motion (#68) to the extent that Defendant cannot ask about what was paid by collateral source, but Defendant is allowed to ask questions to inquire about treatments before the accident to demonstrate whether the injury was pre-existing.

**E.  Exclude Reference to and Testimony of Attorney Jerry Wiese (#69)**

Plaintiff motions to exclude testimony offered by Jerry Wiese at the time of his deposition, and further contends that he is not an essential fact witness, and consequently should not be allowed to be a witness at trial. Plaintiff is also concerned that Defendant may move to disqualify Jerry Wiese as a lawyer based on Rule 3.7 of the Nevada Rules of Professional Conduct and as such moves the Court to allow Mr. Wiese to try Plaintiff's case, and that since disqualification of Mr. Wiese at this point would be a substantial hardship on Plaintiff the testimony of Mr. Wiese should be precluded at Trial. Rule 3.7 states in relevant part:

/ / /

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
(1)   The testimony relates to an uncontested issue,
(2)   The testimony relates to the nature and value of legal services rendered to the case; or
(3)   Disqualification of the lawyer would work substantial hardship on the client.

Defendant argues that Mr. Wiese's testimony is crucial to its affirmative defense case.  As an affirmative defense to the bad faith common law and statutory claims, defense must rely on correspondence that came from Mr. Wiese, as Plaintiff's agent, to rebut any claims that Plaintiff may make to show he acted with clean hands. Defendant claims that it must question Plaintiff's counsel because Tracy himself had no direct communication with Defendant and therefore Mr. Wiese's testimony is the only testimony relevant to show that Plaintiff withheld information and acted unreasonably during the claims process.  Specifically, Defendant alleges that Plaintiff did not properly notarize authorization forms for Defendant to have access to Plaintiff's medical records. Mr. Wiese gave testimony of this in his deposition. Given that one of the material facts in dispute regarding whether defendant acted reasonably in rejecting Plaintiff's claim is whether or not the Plaintiff gave Defendant all the relevant medical records and properly authorized Defendant to have access to those records it follows that Mr. Wiese's testimony is relevant.

Under Federal Rules of Evidence Rule 403 evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury.  The Nevada Rules of Professional Conduct provides that an attorney shall not be an advocate in a case where the attorney will need to testify on behalf of his client because of the prejudicial effect it could have.  The testimony in this case is not uncontested.  Defendant makes a persuasive argument that Mr. Wiese's testimony is relevant to Defendant's affirmative defense.  Whether or not the medical

forms were properly authorized, whether correspondence was timely, and whether records were concealed are all material issues as to the reasonableness of Defendant's denial of Plaintiff's claim.  However, the same information that Defendant is seeking to elicit is available and admissible through cross-examination of the Plaintiff as well as other witnesses who received the correspondence and concluded the Plaintiff withheld information, improperly notarized medical authorizations and acted unreasonably during the claims process.  Finally, mandating the removal of Plaintiff's attorney would put a severe hardship on the Plaintiff as trial is set to commence.

Since the Court finds that the information Defendant is seeking to obtain from Plaintiff's attorney can be solicited from other sources, the Court GRANTS Plaintiff's motion to exclude reference to and/or testimony of Jerry Wiese (#69).  However, the testimony may become admissible depending upon the specific information provided by Plaintiff and others and the court will entertain the issue again if called upon to do so.

**F.      Exclude Reference to and Evidence of Studies, Reference Materials, and Literature not previously disclosed (#70)**

Plaintiff requests an order in limine precluding and excluding any statements or questions by defense counsel, which imply specific knowledge on the part of defense counsel, or imply knowledge of some study or literature which stands for a certain proposition, or indicating that some doctor who is not testifying made some statement. Plaintiff lists a number of instances in the deposition of Dr. Dunn, Dr. Kabins and Dr. Vater in which Defendant referenced medical literature or other medical sources when asking specific questions about Plaintiff's injury and treatment.  Defendant did not provide any foundation for these statements and thus Plaintiff requests they be excluded pursuant to Federal Rules of Evidence Rule 901.  Also Plaintiff argues that the defense counsel's comments such as "has heard" or "has been told" or "has read" something,

from someone else is hearsay and should be excluded pursuant to Federal Rules of Evidence Rule 802.

Defendant does not oppose the greater part of Plaintiff's Motion but does see it as over broad in two respects. The first is with regard to expert witnesses. Defendant argues that any literature or other reference materials disclosed by experts upon which they may have relied in coming to their opinions should be allowed. Further Defendant asks the Court to allow the parties to question and/or impeach any expert or treating physician upon any literature or reference materials which that physician has published. Second, the Defendant explains that some of the questions cited by the Plaintiff are not improper and should not be excluded in granting Plaintiff's motion. The first example is a question of Dr. Dunn asking whether he was "aware of any peer review literature to support opinions regarding whether asymptomatic thoracic herniations can become surgical after a single trauma." The second is when Defendant asked Plaintiff's expert if he could "agree with a percentage regarding whether thoracic herniations are caused by degeneration."

The court acknowledges that asking questions regarding peer review literature is a proper way to question an expert about his opinions. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993). However, any questions regarding percentages and scientific theories will need to be proven reliable under Rule 104 and authenticated under Rule 901. The trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. *Id.* at 589. Thus, the Court GRANTS Plaintiff's motion (#70) in part and DENIES the motion in part, recognizing that it is the trial court's gate keeping function to keep improper evidence and testimony from being submitted to the jury. The parties are advised not to present evidence anticipated to be objectionable until after the proper foundational pre-

requisite findings are made by the court outside the presence of the jury.

**G.      Exclude new and undisclosed evidence or opinions by Plaintiff's experts and treating physicians (#72)**

Defendant motions for the Court to bar Plaintiff's treating doctors from presenting any forensic evidence, new opinions, or new basis for opinions at the time of trial. Defendant further requests that the Court preclude Plaintiff from disclosing any new experts or expert opinions at the time of trial, and more specifically, preclude any of Plaintiff's treating physicians from offering any opinions regarding causation for Plaintiff's injuries as no reports regarding such expert opinion has been disclosed. Defendant cites to cases from other jurisdictions that have held that treating physicians must submit expert reports if they are to testify regarding their opinion of what caused plaintiff's injury.

However, in reviewing Nevada case law, all opinions concur that treating physicians are not subject to the strict disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B). *See Piper v. Harnischfeger Corp.*, 170 F.R.D. 173 (D. Nev. 1997); *Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296.  These cases hold that physicians are allowed to give their opinion as to the cause of an injury based upon their examination, diagnosis and treatment of the patient.  However they also support the Defendant's argument that if the treating physicians' opinions are based upon information received from outside sources then the report requirement of Rule 26(a)(2)(B) would be imposed.

Therefore the Court DENIES Defendant's Motion In Limine (#72).  Plaintiff's treating doctors are allowed to offer their opinion as to the cause of Plaintiff's injury based upon their examination, diagnosis and treatment of the patient.  This includes opinions as to the prognosis and extent of future harm from the injury.

/ / /

**H.      Prohibit Plaintiff from suggesting that the Defendant is "avoiding responsibility" by defending himself in this lawsuit (#73)**

Defendant requests that the court not allow the Plaintiff to use the opening statement in a way such as to intimidate or suggest that the Defendant is "avoiding responsibility."  Defendant argues that these kinds of remarks are improper and are intended to influence the jury.  Opening statements are meant to be and consist of "a brief outline of the evidence which the parties believe they will be able to present." Nevada Civil Practice manual Section 2208.  The Court agrees with the defendant that the opening statement should not be argumentative and should only contain statements which can be supported by proof. *See United States v. Dinitz*, 424 U.S. 600 (1976).  As such the Court requires counsel to abide by the Rules of Professional Conduct at all times during the trial.

Furthermore, the Court agrees that counsel cannot offer opinions with regard to the lack of truthfulness of his own witness or the lack of truthfulness of opposing witnesses.  *See DeJesus v. Flick*, 116 Nev. 812, 7P.3d 459 (2000); *Loice v. Cohen*, 149 P.3d 916 (Nevada 206).  However, Defendant's request is overbroad.  This case involves allegations of bad faith and fair dealing.  A key issue is how the Defendant handled the claim.  Making a blanket statement that all references to "avoiding responsibility" is disallowed is just impractical.

The Defendant provides no legal authority supporting its broad request, therefore, the motion (#73) is DENIED on that basis.

<u>CONCLUSION</u>

IT IS HEREBY ORDERED THAT Plaintiff's Motions In Limine #66 and #67 are DENIED;

Plaintiff's Motions in Limine #68 and #70 are GRANTED in part and DENIED in

part;

Plaintiff's Motion in Limine #69 is GRANTED.

IT IS FURTHER ORDERED THAT Defendant's Motions in Limine # 72 and #73 are DENIED.

DATED this 14th day of September, 2010.

_____
Gloria M. Navarro
United States District Judge