**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHANE TRACEY, ) | Case No.: 2:09-CV-1257-GMN-PAL |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| AMERICAN FAMILY MUTUAL ) | |
| INSURANCE COMPANY; DOES I ) | |
| through XX; and ROE CORPORATIONS ) | |
| I through XX, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## INTRODUCTION

Before the Court is Defendant American Family Mutual Insurance Co.'s Motion In Limine to exclude evidence or testimony by any witness to any claims of insurance bad faith or breach of the Nevada Unfair Claims Handling and/or to prohibit said references to evidence in Phase I of a Bifurcated Trial (ECF No. 56) and Motion In Limine to Strike Documents and Witnesses Not Properly Disclosed by Plaintiff and/or in the alternative, Strike Evidence and Witnesses irrelevant to the Claims, herein (ECF No. 57). Plaintiff timely filed responses to both motions (ECF Nos. 60 & 59 respectively) and Defendant filed replies (ECF No. 61 & 62 respectively). In addition Defendant requests an Oral Argument for each motion filed.

Based on the following reasons, this Court DENIES Defendant's Motion In Limine to exclude evidence or testimony by any witness to any claims of insurance bad faith or breach of the Nevada Unfair Claims Handling (ECF No. 56) and GRANTS Defendant's Motion In Limine to Strike Documents and Witnesses Not Properly Disclosed by Plaintiff (ECF No. 57).

## FACTS AND PROCEDURAL HISTORY

This is a breach of contract claim filed regarding Defendant's failure and refusal to pay a

policy limit under Plaintiff's Uninsured/Underinsured Motorist coverage ("UIM").  Plaintiff, Shane Tracey, was involved in a motor vehicle accident on September 16, 2007. (Complaint ¶ 8 pg. 3, ECF No. 65).  On that date, Plaintiff was traveling northbound on Decatur Blvd., in Las Vegas, Nevada, when another driver, Lisa Robinson, attempted to make a U-turn and struck Plaintiff's vehicle.  (*Id.*).  As a result of the impact, Plaintiff's vehicle rolled several times and came to rest upside down on the roadway.  (*Id.*).

The tortfeasor, Lisa Robinson, had a policy of insurance which provided only $15,000 in liability coverage per person. (*Id.* at ¶ 10 pg. 4). This amount was paid to Plaintiff by Ms. Robinson's insurance carrier. (*Id.*).  Plaintiff also had a policy of insurance through Defendant, American Family Mutual Insurance Company ("American Family"), which provided Uninsured/Underinsured Motorist coverage in the amount of $50,000 per person and Medical Payments Coverage, in the amount of $5,000. (*Id.* at ¶ 11 pg. 4, Plaintiff's Response pg.2, ECF No. 58).   American Family has paid the $5,000 in Medical Payments Coverage to Plaintiff's medical care providers.  (Plaintiff's Response pg.2, ECF No. 58).  Plaintiff provided American Family with documentation of medical specials exceeding $57,000 and documentation of a need for spinal surgery which will cost in excess of $100,000.  (Complaint ¶ 35 pg. 9, ECF No. 65).

Defendant has failed and refused to pay the UIM Coverage to Plaintiff and disputes the value of payment owed to Plaintiff under the policy. (Mtn. for SJ pg. 3 ECF No. 55).  Defendant claims that the mid-back treatment Plaintiff received after September 2006 was unrelated to the accident underlying this suit and that the Plaintiff was receiving treatment for similar symptoms one month before this loss. (*Id.* pg. 2-3).  Therefore, Defendant offered Plaintiff $3,000 to settle his UIM claim based on the un-relatedness of his additional treatment.  (Complaint ¶ 34 pg. 9, ECF No. 65).

Plaintiff brought this suit on May 19, 2009 in the Eighth Judicial District Court for the State of Nevada. (Complaint, ECF No. 65).  It was properly removed to this Court on July 13,

2009. (ECF No. 1). Plaintiff alleges breach of contract, common law bad faith, and statutory bad faith on the part of Defendant for failure to pay the policy limit. (Complaint, ECF No. 65).  The parties submitted a Rule 26(f) Case Conference Report and Discovery Plan. (ECF No. 18). Magistrate Judge Leen then ordered a discovery deadline of February 1, 2010, and an initial expert disclosure deadline of December 3, 2009. (ECF No. 20).  A Stipulation and Order to Amend the Discovery Plan and Scheduling Order, seeking to extend the discovery deadline was filed on January 12, 2010, and the Stipulation was denied by the Court, but the Court did extend the discovery deadline to March 2, 2010. (ECF No. 23 & 24).  Then, on January 20, 2010, the Defendant filed a Motion to Extend the Expert Disclosure Deadline seeking additional time to identify an expert witness.  Over Plaintiff's objection the Court issued an Order on February 3, 2010 allowing the Defendant to identify a single medical expert and enable the expert to conduct an independent medical examination of the Plaintiff. (Order, ECF No. 29).  It was agreed that the parties were then to attend a status conference in thirty days to allow the Court to order deadlines so as to enable Plaintiff to designate a rebuttal expert and depose the Defendant's expert.  *Id.* During this time Defendant objected to some of the written discovery requests submitted by Plaintiff and Plaintiff filed a Motion to Compel. (ECF No. 35).  The Motion to Compel and other discovery items were the subject of the March 23, 2010 hearing.  The following are the minutes from this hearing:

> MINUTES OF PROCEEDINGS - Motion Hearing held on 3/23/2010 before Magistrate Judge Peggy A. Leen. Crtrm Administrator: *Jeff Miller*; Pla Counsel: *Jerry A. Wiese, Esq.*; Def Counsel: *Matthew John Douglas, Esq., Thomas E. Winner, Esq.*; Court Reporter/FTR #: *11:02:28 - 11:23:32*; Time of Hearing: *11:00am*; Courtroom: *3B*; The Court hears representations from counsel as to the remaining discovery issues on this case. Plaintiff's counsel represents that the Plaintiff's I.M.E. has been completed, and that they still have some depositions they want to complete. Plaintiff's counsel further represents that Defense counsel has supplemented some of their discovery production that Plaintiff had requested in his Motion to Compel 35. Plaintiff

> wishes to withdraw the Motion to Compel 35, but still seeks some additional answers/supplementation. The Court next hears representations from Defense counsel. After hearing counsels' arguments, **IT IS ORDERED:** Motion to Compel 35 is GRANTED/DENIED as follows: DENIED with respect to answers to Interrogatory #9 and Request for Production #7, and GRANTED with respect to the requirement that Defense counsel supplement their response to Request for Production #2 with respect to the actual named defendant, and not all parent subsidiaries, to provide a specimine copies of media advertising concerning it's U.I.M products and automobiles containing U.I.M. products from January 1, 2007 to the present, and answer to Interrogatory #12. Supplementation shall be completed within 30 days from today's date and should be done as timely as possible, **IT IS FURTHER ORDERED:** Discovery deadlines will be extended as follows: Court will grant an additional 45 days to finish experts and rebuttal expert discovery, 30 days thereafter for dispositive motions, and 30 days thereafter for the joint pretrial order to be filed (or 30 days after all pending dispositive motions are ruled on as directed in the Local Rules). SEPARATE WRITTEN ORDER WILL ISSUE.

The written order that followed concluded with the following deadlines:

> The following discovery plan and scheduling order deadline shall apply:
> > a. Last date to complete discovery: **May 7, 2010**
> > b. Last date to file dispositive motions: **June 7, 2010**
> > c. Last date to file the joint pretrial order: **July 7, 2010**. If
> dispositive motions are timely filed, the obligation to file a joint pretrial
> > order is suspended until 30 days after decision of dispositive motions.

(Order, ECF No. 41)

In preparation of trial, Defendant filed the instant motion in limine to exclude evidence or testimony by any witness to any claims of insurance bad faith or breach of the Nevada Unfair Claims Handling and/or to prohibit said references to evidence in Phase I of a Bifurcated Trial. (ECF No. 56) Defendant also filed the instant motion to strike and exclude documents and witnesses not properly disclosed and/or in the alternative strike evidence & witnesses irrelevant to the claims herein. (ECF No. 57)

/ / /

# DISCUSSION

## A. Legal Standard

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence. Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial. Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." Black's Law Dictionary 1109 (9th Ed. 2009). Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

It is settled law that in limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice

may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

Federal Rule of Civil Procedure 26(a)(1)(A) requires the parties to identify potential fact witnesses and documents in support of his/her allegations. Moreover, Fed. R. Civ. P. 26 (e)(1)(A) and (B) requires a party to supplement his/her disclosures in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing or as ordered by the Court.

Federal Rule of Civil Procedure 37 of the Federal Rules of Civil Procedure permits a court to impose sanctions against a party or the party's attorney for discovery violations. Sanctions may be imposed if a party "fails to provide information or to identify a witness as required by Rule 26(a) or (e)," Fed. R. Civ. P. 37(c)(1). The culpable party "is not allowed to use" the undisclosed information or witness as evidence, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. *Wong v. Regents of University of California*, 410 F.3d 1052, 1062 (9th Cir. 2005).

The imposition of or refusal to impose discovery sanctions is reviewed for an abuse of discretion. *See Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1010 (9th Cir. 2004). Findings of fact underlying discovery sanctions are reviewed for clear error. *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997). If the district court fails to make factual findings, the decision

1    whether to impose sanctions is reviewed de novo. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d
2    1406, 1408 (9th Cir. 1990).

3    **B.     Requirement of Expert Witness**

4    Defendant petitions this Court to strike and exclude testimony by any witness to any
5    claims of insurance 'bad faith' or breach of the Nevada Fair Claims Practices Act or improper
6    claims handling at trial or, alternatively, to prohibit said testimony and/or evidence during Phase
7    I of a bifurcated trial because Plaintiff failed to disclose an expert witness pursuant to Fed. R.
8    Civ. Pr. 26(a). Defendant claims that a party *must* produce an expert witness in order to prove an
9    insurance 'bad faith' claim because the issues regarding insurance coverage issues are beyond
10   the ken of an average juror. In support of this argument, Defendant quotes *Cooper v. Travelers*
11   *Indem. Co.*:

> In order to prevail on the bad faith claim, Cooper was required to establish that Travelers' reasons for withholding coverage under the policy were either unreasonable or without proper cause. Bad faith implies unfair dealing rather than mistaken judgment. Thus, [an insurer] would not have acted in bad faith if there existed a genuine dispute over a factual or legal issue, even if the dispute was ultimately resolved against it. Finally, [the insurer's] interpretation that the policy did not require coverage would amount to bad faith only if the interpretation was 'inherently unreasonable.'

18   113 F. App'x. 198, 200-01 (9th Cir. 2004). Defendant goes on to claim that "the Court held that
19   parties are entitled to rely on expert opinion to establish whether claims handling was
20   appropriate." (Motion In Limine pg.7, ECF No. 56). However, Defendant misinterpreted the
21   cited case. In *Travelers*, the court held that the insurer was entitled to rely on the advice and
22   opinions of its experts to determine the scope and direction of its investigation. *Id.* at 201. In
23   other words, an insurer can use the fact that it relied on an expert while handling a claim to prove
24   that it acted in good faith when it denied the claim. It has nothing to do with an expert testifying
25   during a trial. Defendant has not provided any other persuasive evidence that an expert is

1 required to establish a bad faith claim.

2 While there is no definitive authority in the Ninth Circuit or the State of Nevada, there is considerable authority from other jurisdictions to the effect that expert testimony is not generally required to establish bad faith or other improper handling of claims. *See Thompson v. State Farm Fire and Cas. Co.*, 34 F.3d 932, 41 Fed. R. Evid. Serv. 156, 30 Fed. R. Serv. 3d 62 (10th Cir. 1994); *State v. Merchants Ins. Co. of New Hampshire*, 109 A.D.2d 935, 486 N.Y.S.2d 412 (3d Dep't 1985); *Groce v. Fidelity General Ins. Co.*, 252 Or. 296, 448 P.2d 554 (1968); *Weiss v. United Fire and Cas. Co.*, 197 Wis. 2d 365, 541 N.W.2d 753 (1995); *Bergman v. United Services Auto. Ass'n*, 1999 PA Super 300, 742 A.2d 1101 (Pa. Super. Ct. 1999) (Expert testimony is not required as a per se rule in bad faith actions against insurers.) When an insurer's alleged breach of its duty of good faith and fair dealing toward its insured involves facts and circumstances within the common knowledge or ordinary experience of the average juror, the insured need not produce expert testimony to establish a bad faith claim. *Weiss*, 197 Wis. 2d at 365, 541 N.W.2d at 753. Only if the court finds that an alleged breach involves unusually complex or esoteric matters beyond ken of the average juror, should the court require the insured to produce expert testimony to establish prima facie case for bad faith. *Id.*

Defendant has not argued or provided any evidence that this case involves an unusually complex or esoteric matter such that an expert should be required. One case even cautioned against allowing experts to testify:

> In addition, there is a serious question as to whether this so-called expert should be permitted to testify. He qualified as a person experienced in claims handling and adjusting on behalf of insurers, but this is not a malpractice case in which the insurer's conduct would be judged by the standards of the insurance industry. Bad faith is a legal concept of general application which does not require that scientific, technical or specialized knowledge be presented to assist the trier of fact. The witness' opinion is nothing more than subjective speculation unsupported by any scientific or specialized knowledge.

1  *Dattilo v. State Farm Ins. Co*. 1997 WL 644076, 5 (E.D.Pa.) (E.D.Pa.,1997). Therefore, Defendant's motion to exclude evidence or testimony by any witness to any claims of insurance bad faith or breach of the Nevada Unfair Claims Handling should be DENIED.

**C.     Bifurcate**

Defendant's second petition to in the alternative prohibit said testimony and/or evidence during Phase I of a bifurcated trial is moot. This Court has denied Defendant's Motion to bifurcate the trial (ECF No. 55).

**D.     Motion to Strike**

Plaintiff and Defendant are in dispute about the date on which Discovery was closed. This Court issued a scheduling order which mandated expert disclosures by December 1, 2009 and an all discovery closure date of February 1, 2010. (ECF No. 20). Deadlines were extended by Magistrate Judge Leen regarding expert disclosures. (*See* discussion *supra* pg. 2-4). Plaintiff argues that discovery did not close until May 7, 2010, a date indicated in Magistrate Judge Leen's Order dated March 25, 2010. (ECF No. 41). However, Defendant argues that the May 7 deadline was only extended to allow the parties to complete expert and rebuttal expert discovery as stated in the Minute Order dated March 23, 2010. (ECF No. 43). Reviewing all the above-referenced orders, *this Court finds that the Discovery deadline was limited to finish expert and rebuttal expert discovery.* The initial Order regarding extending the expert discovery deadline granted an extension "for the limited purpose of allowing the defendant to serve plaintiff with a fully compliant expert report and enable the expert to conduct an independent medical examination of the plaintiff." (Order pg. 7, ECF No. 29) Further it reads that at the status conference in thirty days the court will hear "any requests for a modest extension of the discovery plan and scheduling order deadlines to enable plaintiff to designate a rebuttal expert and depose the defendant's expert." At the hearing held on March 23, 2010, it

seems obvious from the minutes that the extension regarding discovery deadlines only pertained to experts.  Based on these three items in the record one can assume that the written order containing the May 7, 2010 deadline was meant to pertain only to expert discovery.

Plaintiff submitted four supplemental pleadings after March 2, 2010 (Fifth Supplement on March 26, 2010, Sixth Supplement on April 2, 2010, Seventh Supplement on April 14, 2010, and an Eighth Supplement on April 22, 2010).  Defendant objects to the inclusion of any of the witnesses, or their testimony, as well as any documents disclosed in these supplements because the Plaintiff failed to timely disclose pursuant to court order. Moreover, Defendant moves for exclusion of the witnesses disclosed by Plaintiff's Fifth Supplement, witness number 38, as well as Documents numbered 66-85 and Plaintiff's Seventh Supplement Documents numbered 98-102.  Furthermore, Defendant argues that it will be substantially prejudiced because the Plaintiff, by failing to disclose evidence and witnesses that were known to Plaintiff before the discovery cut-off, Plaintiff has prevented Defendant from deposing or otherwise obtaining information concerning those potential witnesses' testimony.  Plaintiff does not specifically argue that these supplements were substantially justified or harmless, as the Plaintiff believes that discovery was open until May 7, 2010 and thus timely.

Fed. R. Civ. P. 37(c)(1) "excludes evidence from an untimely disclosed witness unless 'the parties' failure to disclose the required information is substantially justified or harmless.'" *Wong*, 410 F.3d at 1062 (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  The duty to supplement is not an opportunity to add to information which should have been disclosed initially under Rule 26(a).  *See Keener v. USA*, 181 F.R.D. 639 (D. Mont. 1998).  Rather, "[s]upplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete

1  report based on information that was not available at the time of the initial disclosure."
2  *Id.* at 640; Plaintiff does not specifically argue that the supplemental disclosures are
3  substantially justified or harmless.  However, in support of admitting the disclosures,
4  Plaintiff argues that such disclosures are within the possession of Defendant, lending to
5  the idea that they are harmless.  Defendant protests that the disclosures are not harmless
6  as they provide a multitude of potential new witnesses that Defendant cannot depose
7  prior to trial.

8        Based on the documents listed in additional Supplemental Disclosures it appears
9  Plaintiff is not trying to correct inaccuracies or fill an incomplete report that was not
10 available at the time of initial disclosure.  Plaintiff's Fifth Supplement Disclosure added
11 as a witness the right to call parties listed in all other UM/UIM Bad Faith Litigation
12 involving American Family and any attorneys involved in the cases as a witness.  Then
13 Plaintiff lists twenty cases involving American Family from which it will produce
14 documents (66-85).  In Plaintiff's previous disclosures not a single suit that American
15 Family was a party to was listed as evidence of Bad Faith. Plaintiff's Seventh
16 Supplement Disclosure adds more cases in which American Family is a party (98-106).
17 Plaintiff also added documents of American Family's Corporate Claim Documents, the
18 nature of which was not previously listed in Plaintiff's disclosures (86-96).  Plaintiff's
19 Sixth Supplement Disclosure added correspondence from Defense counsel to Plaintiff's
20 attorney in another case listing all 'First Party' cases filed against American Family in
21 Nevada.  Finally Plaintiff's Eight Supplemental Disclosure adds correspondence between
22 defense counsel and Plaintiff that were not previously disclosed but each party were privy
23 to before and during litigation.  It is clear that Plaintiff has added all the above documents
24 and witnesses to bolster its bad faith claim against Defendant.  Plaintiff properly pled this
25 as a claim against Defendant, but then Plaintiff had a duty to abide by the discovery order

to admit the evidence Plaintiff needed to prove its bad faith claim.

Why then didn't Plaintiff disclose all these documents and witnesses before the discovery deadline? Plaintiff had filed a Motion to Compel (ECF No. 35) which included a request for the Defendant to supplement Interrogatory No. 9. Interrogatory No. 9 asks American Family to identify each case in which it has been sued in the last ten years for breach of contract and/or bad faith in any state in the United States relating to American Family's failure to pay UIM policy limits to its insured and related case information. Defendant objected to the interrogatory as overboard and unduly burdensome on the ground that the probative value of the information is substantially outweighed by the danger of unfair prejudice. In Defendant's opposition (ECF No. 40), and in oral argument, defense counsel represented that Defendant does not maintain a central data base which tracks the information requested and Defendant would be required to manually search offices through the United States. At the March 23, 2010 status hearing, Magistrate Judge Leen found that the interrogatory is overboard in requesting identification of complaints through the United States for a ten year period. (ECF No. 41). At the above mentioned hearing Plaintiff did not ask for the Court's permission to supplement its disclosure filing and instead filed the Fifth Supplemental Disclosure within days of the hearing. Therefore, it looks as though the Plaintiff found the above cases and documents after this Court refused to enforce their interrogatory. However, if Plaintiff wanted to submit the above disclosures it should have done so within the discovery timeline. Plaintiff's Fifth through Eighth Supplemental Disclosures show that all the documents were available to Plaintiff, or at least within Plaintiff's grasp, before the end of discovery. As mentioned before, the duty to supplement is not an opportunity to add to information which should have been disclosed initially under Rule 26(a). Thus, the Court should grant Defendant's Motion to Strike all witnesses and documents from

Plaintiff's Fifth through Eighth Supplemental Disclosures (except for the supplemental report of Dr. Dunn which was disclosed properly) for not having been properly disclosed in accordance with F.R.C.P. 26(a) and (e).

## CONCLUSION

IT IS HEREBY ORDERED that this Court DENIES Defendant's motion to exclude evidence or testimony by any witness to any claims of insurance bad faith or breach of the Nevada Unfair Claims Handling or, alternatively, to prohibit said testimony and/or evidence during Phase I of a bifurcated trial.

IT IS FURTHER ORDERED that this Court GRANTS Defendant's Motion In Limine to Strike Documents and Witnesses Not Properly Disclosed by Plaintiff (except for the supplemental report of Dr. Dunn which was disclosed properly).

DATED this 14th day of September, 2010.

_____
Gloria M. Navarro
United States District Judge