# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| SHANE TRACEY, | ) | Case No.: 2:09-CV-1257-GMN-PAL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY; DOES I | ) | |
| through XX; and ROE CORPORATIONS | ) | |
| I through XX, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## INTRODUCTION

Before the Court are Defendant's Motions In Limine: to limit Plaintiff's recovery on the breach of underinsured motorist benefits claim to the policy's limits (ECF No. 102); and to strike and exclude testimony by any witness to any claims of insurance 'bad faith' or breach of the Nevada Fair Claims Practices Act by Plaintiff (ECF No. 103).

IT IS HEREBY ORDERED that Defendant's Motions in Limine are **DENIED**.

## FACTS AND BACKGROUND

This is a breach of contract claim filed regarding Defendant's failure and refusal to pay a policy limit under Plaintiff's Uninsured/Underinsured Motorist coverage ("UIM"). Plaintiff, Shane Tracey, was involved in a motor vehicle accident on September 16, 2007. (Complaint ¶ 8 pg. 3, # 65). On that date, Plaintiff was traveling northbound on Decatur Blvd., in Las Vegas, Nevada, when another driver, Lisa Robinson, attempted to make a U-turn and struck Plaintiff's vehicle. (*Id.*). As a result of the impact, Plaintiff's vehicle rolled several times and came to rest upside down on the roadway. (*Id.*).

The tortfeasor, Lisa Robinson, had a policy of insurance which provided only $15,000 in liability coverage per person. (*Id.* at ¶ 10 pg. 4). This amount was paid to Plaintiff by Ms. Robinson's insurance carrier. (*Id.*).  Plaintiff also had a policy of insurance through Defendant, American Family Mutual Insurance Company ("American Family"), which provided Uninsured/Underinsured Motorist coverage in the amount of $50,000 per person and Medical Payments Coverage, in the amount of $5,000. (*Id.* at ¶ 11 pg. 4, Plaintiff's Response pg.2, # 58).   American Family has paid the $5,000 in Medical Payments Coverage to Plaintiff's medical care providers.  (Plaintiff's Response pg.2, # 58).  Plaintiff provided American Family with documentation of medical specials exceeding $57,000 and documentation of a need for spinal surgery which will cost in excess of $100,000.  (Complaint ¶ 35 pg. 9, # 65).

Defendant has failed and refused to pay the UIM Coverage to Plaintiff and disputes the value of payment owed to Plaintiff under the policy. (Motion for SJ pg. 3 # 55).  Defendant claims that the mid-back treatment Plaintiff received after September 2006 was unrelated to the accident underlying this suit and that the Plaintiff was receiving treatment for similar symptoms one month before this loss. (*Id.* pg. 2-3). Therefore, Defendant offered Plaintiff $3,000 to settle his UIM claim based on the un-relatedness of his additional treatment.  (Complaint ¶ 34 pg. 9, # 65).

Plaintiff brought this suit on May 19, 2009 in the Eighth Judicial District Court for the State of Nevada. (Complaint, # 65).  It was properly removed to this Court on July 13, 2009. (Petition for Removal # 1). Plaintiff alleges breach of contract, common law bad faith, and statutory bad faith on the part of Defendant for failure to pay the policy limit. (Complaint, # 65).  In preparation for trial Defendant has filed the instant motions in limine.

/ / /

# ANALYSIS

## A.    Legal Standard

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence.  Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial.  Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard."  Black's Law Dictionary 1109 (9th Ed. 2009).  Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

It is settled law that in limine rulings are provisional.  Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).  "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).  However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008).  To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).  "Unless evidence meets

this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).  This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

**B.    Limit Plaintiff's Recovery to Policy Limits (ECF No. 102)**

Plaintiff's first claim for relief is for payment of the polity limit ($50,000) and damages in excess of $10,000, reasonable attorney fees and costs incurred in this suit. (Complaint ¶60, pg. 13-14, ECF No. 65).  Defendant moves the court to limit Plaintiff's breach of contract damages to the Underinsured Motorist policy limit of $50,000. Defendant argues that Plaintiff is limited the amount to underinsured motorist benefit he purchased per the limits of said coverage in the policy. *See Hall v. Farmers Ins. Exch.*, 105 Nev. 19 (1989) (finding that uninsured coverage includes coverage against underinsured motorist, thus only one payment of the policy limits is allowed).  Further the Defendant argues that Nevada interprets insurance policies as any other contract and that the provisions should be enforced as written.  *Pioneer Title Ins. & Trust Co. v. Cantrell,* 71 Nev. 243 (1955).  Moreover if the terms are not ambiguous the policy terms should be enforced as written, without seeking to enlarge the obligations of the parties. *H.K.H. Co. v. American Mortg. Ins. Co.*, 490 F. Supp. 1201 (1980).

Nevada courts have held that compensatory damages are available in breach of contract cases. *Hornwood v. Smith's Food King No. 1*, 107 Nev. 80, 807 P.2d 208 (1991). Compensatory damages are awarded to place the plaintiff in the position he would have been in had the contract not been breached.  *Dalton Properties, Inc. v. Jones*, 100 Nev.

422, 425, 683 P.2d 30, 31 (1984).  The Ninth Circuit has held that a plaintiff can recover reasonable counsel fees caused by an insurers wrongful refusal to pay a claim, but may not allow recovery for attorney fees incurred in pursuit of a bad-faith claim or a claim for other damages. *Biundo v. Old Equity Life Ins. Co.*, 662 F.2d 1297 (9th Cir. 1981) (applying California law).  Based on these holdings the Court is not persuaded by Defendant's argument that Plaintiff should only be entitled to the policy limit of $50,000.

**C.    Exclude Testimony by any Witness to any Claims of Insurance Bad Faith or Breach of the Nevada Fair Claims Practices Act (ECF No. 103)**

Defendant previously petitioned this court to strike and exclude testimony by any witness to any claims of insurance 'bad faith' or breach of the Nevada Fair Claims Practices Act or improper claims handling at trial because Plaintiff failed to disclose an expert witness pursuant to Fed. R. Civ. Pr. 26(a). *See* ECF No. 56.  This new motion is nearly identical to the previous one and for the same reasons the court denies the motion.

Defendant claims that a party *must* produce an expert witness in order to prove an insurance 'bad faith' claim because the issues regarding insurance coverage issues are beyond the ken of an average juror.  In support of this argument, Defendant quotes *Cooper v. Travelers Indem. Co.*:

> In order to prevail on the bad faith claim, Cooper was required to establish that Travelers' reasons for withholding coverage under the policy were either unreasonable or without proper cause.  Bad faith implies unfair dealing rather than mistaken judgment. Thus, [an insurer] would not have acted in bad faith if there existed a genuine dispute over a factual or legal issue, even if the dispute was ultimately resolved against it. Finally, [the insurer's] interpretation that the policy did not require coverage would amount to bad faith only if the interpretation was 'inherently unreasonable.'

113 F. App'x. 198, 200-01 (9th Cir. 2004).  Defendant argues that his claim is supported

because "the Court held that parties are entitled to rely on expert opinion to establish whether claims handling was appropriate." (Motion in limine pg.7, ECF No. 56). However, Defendant's interpretation is not persuasive.  In *Travelers*, the court held that the insurer was entitled to rely on the advice and opinions of its experts to determine the scope and direction of its investigation. *Id.* at 201.  In other words, an insurer can use the fact that it relied on an expert while handling a claim to prove that it acted in good faith when it denied the claim.  The *Travelers* court was not addressing expert testimony during a trial.   Defendant has not provided any other persuasive evidence that an expert is required to establish a bad faith claim.

While there is no definitive authority in the Ninth Circuit or the State of Nevada, there is considerable authority from other jurisdictions to the effect that expert testimony is not generally required to establish bad faith or other improper handling of claims.  *See Thompson v. State Farm Fire and Cas. Co.*, 34 F.3d 932, 41 Fed. R. Evid. Serv. 156, 30 Fed. R. Serv. 3d 62 (10th Cir. 1994); *State v. Merchants Ins. Co. of New Hampshire*, 109 A.D.2d 935, 486 N.Y.S.2d 412 (3d Dep't 1985); *Groce v. Fidelity General Ins. Co.*, 252 Or. 296, 448 P.2d 554 (1968); *Weiss v. United Fire and Cas. Co.*, 197 Wis. 2d 365, 541 N.W.2d 753 (1995); *Bergman v. United Services Auto. Ass'n*, 1999 PA Super 300, 742 A.2d 1101 (Pa. Super. Ct. 1999) (Expert testimony is not required as a per se rule in bad faith actions against insurers.) When an insurer's alleged breach of its duty of good faith and fair dealing toward its insured involves facts and circumstances within the common knowledge or ordinary experience of the average juror, the insured need not produce expert testimony to establish a bad faith claim.  *Weiss*, 197 Wis. 2d at 365, 541 N.W.2d at 753.  Only if the court finds that alleged breach involves unusually complex or esoteric matters beyond ken of the average juror, should the court require the insured to produce expert testimony to establish prima facie case for bad faith. *Id.*

Defendant has not argued or provided any evidence that this case involves an unusually complex or esoteric matter such that an expert should be required. Defendant cites to one case that did conclude that insurance bad faith matters are "beyond the knowledge or experience possessed by laypersons or dispels a misconception common among laypersons." *Furr v. State Farm Mut. Auto Ins. Co.*, 128 Ohio App. 3d 607, 716 N.E.2d 250, 258 (Ohio Ct. App. 1998). However, the Defendant has failed to convince this court that this one case should rule especially when another case even cautioned against allowing experts to testify:

> In addition, there is a serious question as to whether this so-called expert should be permitted to testify. He qualified as a person experienced in claims handling and adjusting on behalf of insurers, but this is not a malpractice case in which the insurer's conduct would be judged by the standards of the insurance industry. Bad faith is a legal concept of general application which does not require that scientific, technical or specialized knowledge be presented to assist the trier of fact. The witness' opinion is nothing more than subjective speculation unsupported by any scientific or specialized knowledge.

*Dattilo v. State Farm Ins. Co.* 1997 WL 644076, 5 (E.D.Pa. 1997). Therefore, Defendant's motion to exclude evidence or testimony by any witness to any claims of insurance bad faith or breach of the Nevada Unfair Claims Handling is DENIED.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motions In Limine ECF No. 102 and ECF No. 103 are DENIED.

DATED this 17th day of September, 2010.

_____
Gloria M. Navarro
United States District Judge