# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHANE TRACEY, ) | Case No.: 2:09-cv-1257-GMN-PAL |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| AMERICAN FAMILY MUTUAL ) | |
| INSURANCE COMPANY; DOES I ) | |
| through XX; and ROE CORPORATIONS ) | |
| I through XX, inclusive, ) | |
| ) | |
| Defendant. ) | |

## INTRODUCTION

Before the Court is Plaintiff's Motion for Bill of Costs (ECF No. 118) and Attorney's Fees (ECF No. 119). Defendant filed an Objection to the Bill of Costs (ECF No. 132) as well as a Response to the Motion for Attorney's Fees (ECF No. 131) on November 5, 2010. Plaintiff filed a Reply (ECF No. 133) on November 15, 2010.

## FACTS AND BACKGROUND

This case arose from a breach of contract claim in which Plaintiff Shane Tracey alleged that Defendant American Family Mutual Insurance Company breached a contract and acted in bad faith when Defendant denied Plaintiff's insurance claim. The matter proceeded to trial before a jury and on October 1, 2010, the jury returned with a verdict in favor of Plaintiff. (Judgment, ECF No. 117).

The jury found that Defendant did breach its contract of insurance with Plaintiff and awarded $50,000.00 to the Plaintiff, with interest accruing from May 5, 2009. (*Id.*). This Court found as a matter of law that Defendant violated NRS 686A.310 (1) (b) and 686A.310 (1) (n). (*Id.*). The jury found that Defendant did additionally violate 686A.310

(1) (e) and 686A.310 (1) (f). (*Id.*).  Finally, the jury found that Plaintiff did suffer damages as a result of the violations of NRS 686A.310 and awarded Plaintiff the sum of $150,000.00. (*Id.*).

The jury found that Defendant did not breach the "implied covenant of good faith and fair dealing" owed to the Plaintiff. (*Id.*).  The jury did not find that Defendant violated 686A.310 (1) (c). (*Id.*).  Further, the jury did not find by clear and convincing evidence that Defendant acted with malice, oppression, or fraud. (*Id.*).  Plaintiff's instant motions for attorney's fees and costs followed.  Defendant does not contest Plaintiff's computation of fees or his detailed description of the work performed but rather disputes whether Plaintiff is actually entitled to fees as a matter of law. (Response 3:23-26, ECF No. 131).

## DISCUSSION

### A.   Attorney's Fees

Each party in a lawsuit ordinarily shall bear its own attorney's fees; this is known as the "American Rule." *Hensley v. Eckerhart*, 461 U.S. 424, 429 103S.Ct. 1933, 1937 (1983).  Federal court may, however, award attorney fees if there is a valid contract that provides for the award, an express statutory authority or rule, or the court awards fees pursuant to its inherent equitable power in the interest of justice. *See U.S. v. Standard Oil Co. of California*, 603 F.2d 100 (9th Cir. 1979).

Federal Rule of Civil Procedure 54 (d) (2) requires that a motion for attorney fees must be made within fourteen (14) days of judgment. Fed. R. Civ. P. 54 (d) (2) (A) (i). The motion must specify the judgment it relates to and the statute, rule, or other grounds entitling the movant to fees. Fed. R. Civ. P. 54 (d) (2) (A) (ii).  The Federal Local Rules of Civil Practice are very exacting.  Rule 54-16 (b) of the Local Rules for the District of Nevada require a motion for attorney's fees to include:

(1)     A reasonable itemization and description of the work performed;
(2)     An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through 54-15;
(3)     A brief summary of:
    (A)     The results obtained and the amount involved;
    (B)     The time and labor required;
    (C)     The novelty and difficulty of the questions involved;
    (D)     The skill requisite to perform the legal service properly;
    (E)     The preclusion of other employment by the attorney due to acceptance of the case;
    (F)     The customary fee;
    (G)     Whether the fee is fixed or contingent;
    (H)     The time limitations imposed by the client or the circumstances;
    (I)     The experience, reputation, and ability of the attorney(s);
    (J)     The undesirability of the case, if any;
    (K)     The nature and length of the professional relationship with the client;
    (L)     Awards in similar cases; and
(4)     Such other information as the court may direct.

Local R. Civ. Prac. 54-16(b)(1)-(4).  Additionally, sections (c)-(d) of the Local Rules further require:

(c) Attorney Affidavit. Each motion must be accompanied by an affidavit from the attorney responsible for the billings in the case authenticating the information contained in the motion and confirming that the bill has been reviewed and edited and that the fees and costs charged are reasonable.

(d) Failure to provide the information required by LR 54-1 6 (b) and (c) in a motion for attorney's fees constitutes a consent to the denial of the motion.

Local R. Civ. Prac. 54-16(c)-(d).

## 1.     Legal Authority Allowing Attorney's Fees

Where a federal court sits in diversity, as here, it must be determined if state law or federal law provides the standard to award attorney fees by applying the *Erie* doctrine. *Erie R.R. Co. V. Tompkins*, 304 U.S. 64, 58 S.Ct. 817 (1938).  The first step in an *Erie*

analysis is to determine whether the law involved is procedural or substantive.  If the law is procedural, the federal law will apply; if substantive, the court will apply the law of the forum state.

Here, the statutes that allow for the recovery of attorney's fees are considered substantive for *Erie* purposes. *Walsh v. Kelly*, 203 F.R.D. 597, 598 (D.Nev. 2001) (citing *McMahan v. Toto*, 356 f.3d 1120, 1132 (11th Cir. 2001); *In re Larry's Apartment, L.L.C.*, 249 F.3d 832 (9th Cir. 2001) ("[A] federal court sitting in diversity applies state law in deciding whether to allow attorney's fees when those fees are connected to the substance of the case.").  Thus state law of Nevada will be applied to determine if attorney fees can be recovered.

Plaintiff argues that under Nevada law he is entitled to recover attorney's fees as a cost of litigation or as compensatory or consequential damages.

### a)      Attorney's fees as a cost of litigation.

In Nevada, attorney's fees cannot be recovered unless authorized by agreement or by statute or rule. *Young v. Nevada Title Co.*, 744 P.2d 902, 905 (Nev. 1987). "Procedurally, when parties seek attorney fees as a cost of litigation, documentary evidence of the fees is presented to the trial court, generally in a post-trial motion." *Sandy Valley Associates v. Sky Ranch Estates Owners Ass'n*, 35 P.3d 964, 969 (Nev. 2001), receded from on different grounds by *Horgan v. Felton*, 170 P.3d 982 (Nev. 2007). Opposing parties have an opportunity to contest the request for attorney fees and the trial court must determine if any agreement, statute or rule authorizes attorney fees. *Id.*

### i)      Attorney's Fees pursuant to N.R.S. 18.010

Nevada Revised Statute 18.010 provides for an award of attorney's fees, as follows:

/ / /

1. The compensation of an attorney and counselor for his or her services is governed by agreement, express or implied, which is not restrained by law.

2. In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney's fees to a prevailing party:

    (a)    When the prevailing party has not recovered more than $20,000; or

    (b)    Without regard to the recovery sought, when the court finds that the claim, counterclaim, cross-claim or third-party complaint or **defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party.** The court shall liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations. It is the intent of the Legislature that the court award attorney's fees pursuant to this paragraph and impose sanctions pursuant to Rule 11 of the Nevada Rules of Civil Procedure in all appropriate situations to punish for and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public.

N.R.S. 18.010 (emphasis added).

Plaintiff recovered more than $20,000; accordingly, it is not proper to award attorney's fees pursuant to subsection (a) of this statute. However, Plaintiff claims that subsection (b) of this statute authorizes an award of attorney's fees because Defendant maintained its defense without reasonable ground or to harass. Plaintiff argues that the jury found that Defendant did breach the contract and did violate certain provisions of the Nevada Unfair Claims Practices Act.

Defendant correctly points out that the standard for determining whether a party maintained a claim or defense, without reasonable ground is the same as it would be for assessing sanctions pursuant to Fed. R. Civ. P. 11, or in Nevada Nev. R. Civ. .P. 11. *See*

*Bergmann v. Boyce*, 856 P.2d 560 (Nev. 1993).  In *Bergman*, the court compared N.R.S. 18.010(2)(b) to sanctions under Rule 11.  The court stated that "[t]he trial court must examine the actual circumstances surrounding the case to determine whether the suspect claims were brought without reasonable grounds." *Id.* at 676.

Therefore, this court must examine the circumstances surrounding this case to determine whether the defenses were maintained without reasonable grounds.  In the present case, Plaintiff was the prevailing party on both his breach of contract and NRS 686A.310 Unfair Practice claims.  Defendant asserts that since the jury did not find that it breached the covenant of implied faith and fair dealing, Defendant's action to defend itself in the suit was necessarily reasonable. *See Amer. Excess Ins. Co. v. MGM Grand Hotels, et al.*, 729 P.2d 1352 (Nev. 1986) (AEI's conduct was not unreasonable or in bad faith and thus attorney's fees were not appropriate under N.R.S. 18.010).

However, this Court found as a matter of law, that Defendant violated two sections of N.R.S. 686A.310.  During trial Plaintiff moved for a judgment as a matter of law under Fed. R. Civ. P. 50(a)(1) with regard to Plaintiff's claims under N.R.S. 686A.310.  Under the rule, "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may resolve the issue against the party and grant a motion of judgment as a matter of law against the party." Fed. R. Civ. P. 50(a)(1). Plaintiff moved for judgment as a matter of law after two witnesses who worked for Defendant testified at trial.  Based on their testimony the court was able to find as a matter of law that Defendant violated N.R.S. 868A.310 (b) & (n).  Defendant did not have any evidence to dispute these findings.  Later, after deliberation, the jury also found that Defendant breached its contract with Plaintiff by violating two additional sections of N.R.S. 686.310.  Accordingly, the Plaintiff appears to be entitled to a finding that the

Defendant maintained its defense to the Nevada Unfair Claims Practices Act unreasonably.

Nevertheless, looking at the entirety of the suit, Defendant was not unreasonable in maintaining its defense that it did not breach the implied duty of good faith and fair dealing.  Had the jury found that Defendant was liable for punitive damages, Plaintiff would have been entitled to attorney's fees under this statute.  In order to prevent any punitive damages that could have been awarded against it, Defendant was required to maintain its defense of the common law bad faith claim as well as the statutory Unfair Practices claim.  Therefore, this Court cannot find that Defendant's defenses were frivolous or maintained without reasonable grounds or to harass Plaintiff.

### ii)    Unfair Practices Claim, N.R.S. 686A.310

Additionally, Plaintiff claims that N.R.S. 686A.310 permits attorney's fees.  The statute indicates that "an insurer is liable to its insured for any damages sustained by the insured as a result of the commission of any act set forth in subsection 1 as an unfair practice." N.R.S. 686A.310(2).  Plaintiff argues that since the statute provides for "any damages," then if the insured is compelled to litigate a claim and incur attorney's fees because the insurer refuses to pay amounts due under the policy, the attorney's fees incurred by the insured are to be considered damages sustained as a result of the violation of the statute by the insurance carrier.

In this case, the jury found that Defendant violated N.R.S. 686A.310(1)(f) by "compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered."  The Nevada statute generally states, "an insurer is liable to its insured for any damages sustained by the insured *as a result* of the

commission of any act set forth in subsection 1 as an unfair practice." N.R.S. 686A.310(2).  Accordingly, hiring an attorney to recover an amount due would reasonably appear to qualify as a type of damages sustained *as a result of* violating subsection 1(f).

 In *Clausen v. M/V NEW CARISSA*, the Ninth Circuit found that attorney's fees were a type of damages in the Oregon Oil Spill Act. 339 F.3d 1049 (9th Cir. 2003). However, that statute specifically defined damages as "damages, costs, losses, penalties or attorney fees of any kind for which liability may exist under the laws…" O.R.S. §468B.300(6).  The Nevada statute in this case, N.R.S. 686A.310, does not delineate attorney fees as an element of damages.

Defendant points out that no Nevada case has ever held that a Plaintiff may receive attorney's fees for a breach of the Nevada Unfair Claims Practices Act.  This court, likewise, has failed to find any Nevada case to hold as such.  However, recent legislative efforts clarify the issue.  A review of the 2009 hearing transcripts related to Assembly Bill 224 demonstrate that the proposed language of the bill was specifically intended to add attorney's fees to the damages already available under N.R.S. 686A.310. In other words, the legislature did not deem attorney's fees to be available under the current language without the amendment.  Unfortunately for Plaintiff, while AB 224 was approved by the Assembly, it was not considered by the Senate and N.R.S. 686A.310 was never amended to authorize attorney's fees.

Therefore, Plaintiff has failed to demonstrate that attorney's fees are a type of damage sustained as a result of litigation available under N.R.S. 686A.310.

### b)      Breach of Contract Damages

Finally, Plaintiff argues that he is entitled to compensatory or consequential damages based upon his successful breach of contract claim.  The jury did find that

Defendant breached their contract with Plaintiff, however, their contract did not specifically provide for attorney's fees.  Rather, Plaintiff asserts that since he was forced to litigate his breach claim he should be awarded attorney fees as compensatory or consequential damages.  "Compensatory damages are awarded to make the aggrieved party whole and … these damages should place the plaintiff in the position he would have been in had the contract not been breached." *Dalton Properties Inc. v. Jones*, 683 P.2d 30, 31 (Nev. 1984).

A party can claim attorney fees as foreseeable damages arising from a breach of contract and such fees are considered special damages. *See Sandy Valley Associates* at 971 ("When attorney fees are alleged as damages, they must be specifically pleaded and proven by competent evidence at trial, just as any other element of damages." *Id.*). Furthermore, "when attorney fees are considered as an element of damages, they must be the natural and proximate consequence of the injurious conduct." *Id.* at 969.  When multiple claims are presented, the party claiming fees as damages must prove fees as to each claim. *Id.*  Moreover, attorney's fees are "rarely awarded as damages simply because parties have a difficult time demonstrating that the fees were proximately and necessarily caused by the actions of the opposing party and that the fees were a reasonably foreseeable consequence of the breach or conduct." *Id.*  "Because parties always know lawsuits are possible when disputes arise, the mere fact that a party was forced to file or defend a lawsuit is insufficient to support an award of attorney fees as damages." *Id.* at 970.

The findings of the jury in the instant case support the kind of rare scenario contemplated such that attorney's fees should be awarded as special damages. *See American Federation of Musicians v. Reno's Riverside Hotel, Inc.*, 475 P.2d 220 (Nev. 1970) (awarding attorney's fees as damages because the institution of the litigation was

due to the activity of the defendant such that the plaintiff had to retain counsel and expend fees to pay for the litigation.)  In this case, Plaintiff provided sufficient evidence at trial that it was forced to litigate the matter because Defendant failed to timely pay the policy limits.  The jury specifically found that the Defendant breached its contract and found that Plaintiff was compelled to institute the litigation to recover amounts due under the insurance policy under N.R.S. 686A.310 (1) (f).  Therefore, the jury found that this litigation was a natural and proximate cause of Defendant's breach of contract with the Plaintiff.

As explained *supra* to be awarded as damages, attorney fees must be pleaded as special damages and need to be litigated at trial.  Plaintiff's Complaint included specific allegations with regard to attorney's fees. (*See* Amended Complaint ¶ 61, ECF No. 65). Defendant cannot now argue that since specific evidence of attorney's fees was not presented at trial Plaintiff is not entitled to them.  While settling the jury instructions both parties agreed that it was for the court to determine whether costs and attorney's fees would be awarded as damages.[1]  Thus, Defendant waived any objection to having the court determine attorney's fees at the close of litigation by agreeing that it was for the

---

[1] The proposed jury instruction read:

> The following are specific items of damages claimed by Shane Tracey:
> . . .
> 3.      Costs and attorney's fees necessary to recover the insurance policy benefits.
> . . .
> To recover for attorney's fees, Shane Tracey must prove that because of American Family's breach of the obligation of good faith and fair dealing, it was reasonably necessary for him to hire an attorney to recover the policy benefits.  Shane Tracey may recover attorney's fees he incurred to obtain policy benefits, but not attorney's fees he incurred for other purposes.

Plaintiff's counsel stated the following about striking the above items from the jury instructions:

> We feel like if there is an award of costs and fees that's the judge's discretion after the trial is over. . . I don't' think that is something for the jury to award at this point.

Defense counsel did not object to this statement and agreed that it should be left up to the judge.

court and not the jury to determine.  Therefore, the Court finds that as a result of the

jury's specific factual finding that section (1) (f) of the Nevada Unfair Claims Practices

Act was violated by Defendants, attorney's fees can be awarded as a matter of law to

Plaintiff as proximately and necessarily caused damages incurred as a reasonably

foreseeable consequence or result of Defendant's breach of contract.

## 2.      Reasonableness of Attorney's Fees

"The district court has a great deal of discretion in determining the reasonableness

of the fee and, as a general rule, [an appellate court] will defer to its determination,

including its decision regarding reasonableness of the hours claimed by the prevailing

party." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010)(quoting

*Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1993)).  "This is appropriate in view

of the district court's superior understanding of the litigation and the desirability of

avoiding frequent appellate review of what essentially are factual matters." *Prison Legal

News*, 608 F.3d at 435 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933,

76 L.Ed.2d 40 (1983)).

Plaintiff seeks an award of attorney's fees in the amount of $80,000, which is 40%

of the $200,000.00 jury award.  Plaintiff addressed each item of Local Rule 54-16 in

compliance with the rule and demonstrated 312.3 hours of work were performed at the

rate of $250.00 per hour.  Defendant conceded in its Response that it did not object to the

reasonableness of the attorney's fees. (Response 3:23-26, ECF No. 131).  As such, the

court finds that the amount requested by Plaintiff is reasonable.  However, the Defendant

points out that it did eventually tender an offer for the full amount available pursuant to

the contract ($50,000.00) in November 2009, therefore any award of attorney's fees

based upon its breach of contract should be limited to only the legal representation

provided up to that point in time.  The Court agrees.  Therefore the Court awards Plaintiff

fees for 47.3 hours of work done up to November 4, 2009 at a rate of $250.00 per hour. Therefore, Plaintiff is awarded $11,825.00 in attorney's fees for his breach of contract claim.

**B.    Bill of Costs**

Fed. R. Civ. P. 54(d) and Local Rule 54-1 provide that the prevailing party shall be entitled to reasonable costs.  Pursuant to Federal Rule of Civil Procedure 54(d)(1), the Court should allow costs other than attorney fees "as of course to the prevailing party unless the court otherwise directs … ."  Rule 54(d)(1) creates a strong presumption in favor of awarding costs to the prevailing party. *Miles v. State of Cal.*, 320 F.3d 986, 988 (9th Cir. 2003).  "(A) party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d)." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996)(quoting *d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 896 (9th Cir. 1977)).

The types of costs that can be taxed in favor of the prevailing party in a federal litigation are set by statute in 28 U.S.C. § 1920.  Local Rules 54-1 through 54-12 further explain what costs are allowed in this district.  The court may not tax costs under Rule 54(d) that are not authorized by statute or court rule. *Arlington Cent. School Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 301, 126 S. Ct. 2455, 2461-62 (2006).  Once the prevailing party demonstrates the amount of its costs and that they fall within an allowable category and because Rule 54(d) presumes the Court will award costs to the prevailing party, the Court must specify reasons for denying costs. *Miles*, 320 F.3d at 988.

Factors that may support denying costs include the losing party's limited financial resources, the prevailing party's misconduct, the chilling effect of imposing costs on future civil rights litigants, the difficulty and closeness of the issues, the substance of the

prevailing party's recovery, the losing party's good faith, and whether the case raised

issues of national importance. *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342

F.3d 1016, 1022 (9th Cir. 2003).  The losing party bears the burden of showing why the

Court should not award costs. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th

Cir. 2003).

Local Rule 54-1 provides:

(a) . . . Unless otherwise ordered by the court, the prevailing party shall be entitled to reasonable costs. A prevailing party who claims such costs shall serve and file a bill of costs and disbursements on the form provided by the clerk no later than fourteen (14) days after the date of entry of the judgment or decree.

(b) . . . Every bill of costs and disbursements shall be verified and distinctly set forth each item so that its nature can be readily understood. The bill of costs shall state that the items are correct and that the services and disbursements have been actually and necessarily provided and made. An itemization and, where available, documentation of requested costs in all categories must be attached to the bill of costs.

LR 54-1.  Local Rules 54-2 through 52-12 list the items that can be taxed and items that

cannot.  A party objecting to a bill of costs shall submit its objections within fourteen

(14) days after service of the bill of costs.

(a) Any objections to a bill of costs shall be filed and served no later than fourteen (14) days after service of the bill of costs. Such objections shall specify each item to which objection is made and the grounds thereof, and shall include, if appropriate, supporting affidavits or other material.

LR 54-13(a).

Plaintiff submitted his Bill of Costs on October 20, 2010.  The docket entry set the

deadline to object to the Bill of Costs as November 7, 2010.  Defendant submitted its

objection to the Bill of Costs on November 5, 2010.  Therefore, Defendant's objection is

timely.

Plaintiff seeks a Bill of Costs in the amount of $49,367.33 (as amended)[2].  These fees include the following: (1) fees of the clerk: $151.00, (2) fees for service of summons and subpoena: $105.00, (3) fees for transcripts: $6,676.76, (4) fees for witnesses: $33,825.00, (5) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case: $1,240.00, and (6) other costs: $7,369.57[3]. (ECF No. 118).  Defendant objects to Plaintiff's witness fees and other costs.  The Court rules on the costs as follows:

**1.     Fees of the Clerk**

Plaintiff requests $151.00 for fees of the clerk.  Defendant has not filed an objection to this amount.  The Court grants Plaintiff's request for fees of the clerk.

**2.     Fees for Service**

Plaintiff requests $105.00 for fees for service of summons and subpoena. Defendant has not filed an objection to this amount.  The Court grants Plaintiff's request for fees for service.

**3.     Fees for Transcripts**

Plaintiff requests $6,676.76 for fees for transcripts.  Defendant has not filed an objection to this amount.  The Court grants Plaintiff's request for transcripts.

**4.     Fees for Witnesses**

Plaintiff requests $33,825.00 for fees for witnesses.  Defendant has filed an objection to this amount.

As a preliminary matter, it must be decided whether to apply federal law or state law when determining how to award witness fees.  State law controls the substance of

---

[2] In Plaintiff's Reply he requests an additional $3,500 as an "other cost" for Dr. Mark Kabins' trial preparation time.
[3] This amount reflects the additional $3,500 bill from Dr. Kabins.

this lawsuit, but federal law controls the procedure by which the district court oversaw the litigation. *See Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167 (9th Cir. 1995).  In *Aceves*, the court held that federal law should control the reimbursement of expert witnesses in federal courts sitting in diversity jurisdiction as it is a procedural matter. *Id.* at 1168.  The choice of law issue in *Aceves* was between state and federal expert witness cost provisions. *Id.*

In contrast, the court in *Clausen v. M/V NEW CARISSA* was faced with a choice between a federal cost provision and a state damages provision. 339 F.3d 1049 (9th Cir. 2003).  The state damages provision allowed prevailing plaintiffs under the Oregon's Oil Spill Act to recover "costs of any kind" as one element of its compensatory damages. *Id.* at 1064.  In *Clausen*, the damages award was deemed to be a substantive issue because "the question of the proper measure of damages is inseparably connected with the right of action." *Id.* at 1065.  In holding that the Oregon Oil Spill Act's measure of damages provision trumps Federal Rule §1821(b) under *Erie* the court awarded expert costs in excess of the statutory maximum allowed under §1821(b). *Id.*  In that case, the district court had found that the broad language of the statute suggests legislative intent to cover litigation expenses including expert witness fees. *Id.* at 1064-65.

A California case, *Drumm v. Morningstar, Inc.*, distinguishes *Clausen*. 695 F.Supp.2d 1014 (N.D.Cal. 2010).  The *Drumm* case involved an unpaid wage claim under California law.  Focusing only on costs and not specifically on witness fees, the court held that unlike Oregon's Oil Spill Act, costs were not included as an element of damages under the California law. *Id.* at 1027.  "Rather, section 218.5 of the California Labor Code simply requires a court to 'award reasonable attorney's fees and costs to the prevailing party.'  Since the awarding of costs here is procedural, not substantive, federal law governs." *Id.*

Plaintiff does not dispute that federal law applies in this case since it is a procedural matter.  Plaintiff asserts that the court should allow costs other than attorney fees as of course to the prevailing party unless the court otherwise directs under Fed. R. Civ. P. 54(d)(1).  Plaintiff only argues that NRS 868A.310 should be construed to award witness fees in the amounts requested by comparing it to the Resource Conservation and Recovery Act (RCRA) , 42 U.S.C. § 6972(a)(1)(B), fee-shifting statute.  However for the reasons given *supra,* the Court does not find that the Nevada Unfair Claims Practices Act is a fee-shifting statute such that damages include attorney fees and costs.

In the Supreme Court case of *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, the Court was clear that "[a]bsent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." 482 U.S. 437,445, 107 S. Ct. 2494, 2499 (1987).  The controlling statute in this case, N.R.S. 686A.310(2), nowhere defines damages nor does it address if a litigant's witness fee is an item to be taxed as a cost under damages.  The breadth of the language in Nevada's Unfair Claims Practices Act, stating that damages are to be awarded, is not as broad as Oregon's Oil Spill Act which specifically includes the term "costs …of any kind."  Furthermore, statutes that do allow for fee-shifting of attorney's fees and costs have consistently spelled out with specificity when these fees and costs will be allowed. *See Lovell v. Chandler*, 303 F.3d 1039 (9th Cir. 2002) (dealing with the American with Disabilities Act).  Unlike the recognized fee-shifting statutes, N.R.S. 686.310 does not have explicit language declaring that damages include costs and attorney's fees.  "[A]bsent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Crawford Fitting Co.,* 482 U.S. 437,445, 107 S. Ct. 2494, 2499 (1987).  Therefore, as the controlling Nevada statute

fails to provide explicit language authorizing the taxation of witness fees as costs, federal

procedural law governs the determination of the issue.

Federal Local Rule 54-5 allows for the payment with regard to witnesses, and

provides in pertinent part:

> (a) The rate for witness fees, mileage, and subsistence are fixed by statute
> (see 28 U.S.C. § 1821). . . . Costs may be taxed for each day the witness is
> necessarily in attendance and are not limited to the actual day the witness
> testified. . . .
> . . .
> (c) . . . Fees for expert witnesses are not taxable in a greater amount than
> statutorily allowable for ordinary witnesses unless authorized by contract or
> specific statute.

LR 54-5.  28 U.S.C. § 1821 sets the amount to be paid to a witness at $40.00 per day.

In his bill of costs, Plaintiff seeks $33,825.00 in witness fees for the various

physicians who attended trial.  This includes seven witnesses who attended trial for one

day and one witness that attended trial for two days.  However, under federal law, the

recoverable costs for witnesses, both expert and general fact witnesses, are limited to $40

per day for the witness's attendance at trial. 28 U.S.C. § 1821(a)(1) & (b).  This amounts

to a total of $360 for all the Plaintiff's witnesses appearing at trial.  A court may tax

expert witness fees in excess of the limit set by 28 U.S.C. § 1821 only when the witness

is court-appointed and essential to the proceedings or the recovery of all witness fees

were explicitly authorized by contract. *Crawford Fitting Co.* 482 U.S. at 445, 107 S.Ct. at

2499.  Therefore, unless Plaintiff's contract with the defendant states otherwise, Plaintiff

may only recover $360 for his witness fees pursuant to LR 54-5 and 28 U.S.C. § 1821(b).

### 5.     Fees for Copies

Plaintiffs request $1,240.00 for exemplification and the costs of making copies of

any materials where the copies are necessarily obtained for use in the case.  Defendant

has not filed an objection to this amount.  The Court grants Plaintiff's request for copy fees.

**6.     Other Costs**

Plaintiff requests $7,369.57 for other costs.  Defendant has filed an objection to this amount.  Defendant objects to the $84.00 for a runner services as well as charges of $750, $600, $200 and $645 for fees to Drs. Dunn and Kabins for their "pre-depo meetings" and "surgical letters."  Plaintiff, in his reply additionally asks for a bill for $3,500.00 for "trial preparation time" submitted by Dr. Kabins.  The court may not tax costs under Rule 54(d) that are not authorized by statute or court rule. *Arlington Cent. School Dist. Bd. of Educ.*, 548 U.S. at 301.  As explained *supra*, this amount is not taxable as a witness fee and Plaintiff fails to specify which statute or rule authorizes this amount as a cost and not a witness fee.  Without the guiding authority, the strong presumption to award costs disappears and the court will not grant these costs.

The total amount of costs awarded is $8,532.76.

**C.     Pre-Judgment Interest**

Plaintiff moves for pre-judgment interest on the $150,000.00 awarded as damages for Defendant's violations of N.R.S. 686A.310, at the statutory interest rate of 5.25%.  Plaintiff also motions for pre-judgment interest on costs and attorney's fees.

The general rule is that state law applies in diversity cases in determining whether pre-judgment interest should be awarded. *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1107 (9th Cir. 1998).  Thus state law determines the rate of pre-judgment interest in diversity cases. *Northrop Corp. v. Triad Intern. Marketing, S.A.*, 842 F.2d 1154 (9th Cir. 1988).  Under NRS 17.130(2), "the judgment draws interest from the time of service of the summons and complaint until satisfied, except for any amount representing future damages." *See Schuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530 (Nev. 2005).

Pre-judgment interest may not be awarded on an entire verdict "when it is impossible to determine what part of the verdict represented past damages." *Id.* "For example, when a general verdict form does not distinguish between past and present damages, a trial court cannot award pre-judgment interest." *Id.* at 549-50. "However, when nothing in the record suggests that future damages were included in the award, pre-judgment interest is proper." *Id.* at 550.

The jury verdict form in this case does not distinguish between past and present damages. However, the Court finds that there is nothing in the record to suggest that the jury included future damages in the award. The damages award was based on violations of N.R.S. 686A.310 that occurred before judgment when Defendants did not fairly handle plaintiff's insurance claims. Therefore, the court will award pre-judgment interest on the $150,000.00 awarded as damages for Defendant's violations of N.R.S. 686A.310, at the statutory interest rate of 5.25%, amounting to $10,701.37. ($150,000.00 x 5.25% = $7,875.00 per year, or $21.575 per day. The Complaint in this matter was served on Defendant on or about June 11, 2009. 6/11/09 through 12/31/09=203 days; 1/1/10 through 10/20/10=293 days; 203 days + 293 days = 496 days x $21.575 per day = $10,701.37.)

Pre-judgment interest is recoverable on costs, as costs are part of judgment. *Gibellini v. Klindt*, 885 P.2d 540 (Nev. 1994). Thus the court will grant pre-judgment interest on costs of $8,532.76. Accordingly, pre-judgment interest on costs of $8,532.76 amounts to $608.75. ($8,532.76 x 5.25%=$447.9699 per year, or $1.2273 per day x 496 days= $608.75.)

Pre-judgment interest on attorney's fees is awarded as an element of damages. *Albios v. Horizon Communities, Inc.*, 132 P.3d 1022 (Nev. 2006). Thus the court will grant pre-judgment interest on attorney's fees of $11,825.00. Pre-judgment interest on

attorney's fees amounts to a total of $843.62.  ($11,825.00 x 5.25% =$620.8125 per year, or $1.7009 per day x 496 days=$843.62.)

## **CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff is awarded $11,825.00 for attorney's fees and pre-judgment interest on fees in the amount of $843.62.

IT IS FURTHER ORDERED that Plaintiff is awarded $8,532.76 for costs and pre-judgment interest on costs in the amount of $608.75.

IT IS FURTHER ORDERED that pre-judgment interest on the $150,000.00 awarded as damages by the jury for Defendant's violation of N.R.S. 686A.310 is awarded in the amount of $10,701.37.

DATED this 30thday of December, 2010.

_____
Gloria M. Navarro
United States District Judge